1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE STERIOFF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER LLC,<br><br>Defendants. | Case No. 2:22-cv-09230-GW-GJS<br><br>**[PROPOSED] ORDER GRANTING STIPULATION RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Honorable George H. Wu<br><br>Honorable Gail J. Standish |

The parties have agreed to the terms of this Order Regarding Electronically Stored Information:

1. **Introduction.** Pursuant to Fed. R. Civ. P. 16 and 26(f), the parties have conferred regarding matters affecting the discovery of electronically stored information ("ESI") and agreed on the following procedures and guidelines regarding the production of ESI in this case.

2. **Identification of Relevant Custodians.** Within ten business days after entry of this Order, the parties shall exchange in writing:

    a. To the extent not already disclosed pursuant to Fed. R. Civ. P. 26(a)(1), a list of the most likely custodians of relevant electronically stored information, including a general description of each person's title (e.g., Vice President of Client Development), responsibilities, and approximate years of employment with the producing party. The parties shall add or remove custodians as reasonably necessary.

3. **ESI of Limited Accessibility.** If a Producing Party contends that any responsive ESI is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), that Party shall timely identify such ESI with reasonable particularity and shall provide the Receiving Party with the basis for declining to produce such ESI, including but not limited to information about the nature of any limitations on access, the likely costs that might be incurred in producing such ESI, the method used for storage of such ESI (e.g., the type of system used to store the ESI), and the places in which such ESI is kept. The parties shall negotiate in good faith concerning the production, if any, of such ESI.

4. **Sources.** Notwithstanding anything to the contrary herein, the following document types are not discoverable in this litigation except upon a showing of good cause, and the parties shall have no obligation to preserve data contained in the following forms: temporary data stored in a computer's random access memory (RAM), or other ephemeral data that are difficult to preserve without

disabling the operating system; deleted, slack, fragmented or other data only accessible by forensics; long-term storage media that were created strictly for use as a data back-up or disaster recovery medium; data remaining from systems no longer in use that is unintelligible on systems in use.

5. **Format for Production.** Unless the parties agree otherwise, the provisions set forth in this paragraph shall govern the format for production of ESI:

a. The parties will produce paper[1] and electronic documents in Tagged Image File Format (.TIFF or .TIF) files, unless otherwise provided in this Order. Each image should have a unique file name, which is the Bates number of the page (see subsection h. below). TIFF files shall be produced in single-page Group IV format, black and white, with a minimum resolution of 300 dpi (except that any native file that is in the form of a TIFF image need not be scanned or re-processed simply to achieve such minimum resolution when produced).

b. To the extent possible and if it is necessary to review a document or file in color to understand the meaning or content of the document or file, then the document or file shall be produced in its original colors. Documents produced in color should be rendered in JPEG format using JPEG compression. For the avoidance of doubt, any documents or files produced in other cases that are to be reproduced in the above-captioned matter, including in accordance with the Joint Stipulation Setting Briefing Schedule ¶ 6(b) (ECF No. 24), shall be produced as they were originally produced and need not be reproduced in color.

c. When scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple

---

[1] The parties recognize and understand that in some instances, a producing party may only have in its files hard copy versions of certain documents responsive to discovery requests. In such instances, it is agreed that: (a) if the producing party on its own initiative chooses to put the hard copy documents in an electronic format, the producing party shall produce to the other party a copy of the documents in the same electronic format the producing party has created for itself; (b) if the producing party maintains the documents solely in hard copy form, then the producing party shall copy the documents and produce a set to the other party.

records.

      d.    Each document production will be accompanied by two load files: an image load file and a metadata load file. Those load files shall be produced in Concordance format (.DAT file using Concordance standard delimiters for the metadata load files, and .OPT file using Concordance standard fields for the image load files).

           i.    The image load file shall provide image and document break information for the TIFF files produced that correspond to the beginning Bates numbers contained in the metadata load file. Every TIFF file in each production must be referenced in the production's corresponding image load file. The total number of TIFF files referenced in a production's image load file should match the number of TIFF files in the production.

           ii.    In addition to any metadata collected and produced pursuant to Paragraphs 5 and 6 of this Order, the metadata load file for each production shall provide the Bates numbers and the Bates number attachment range for e-mail or other documents containing attachments.

      e.    To the extent a producing party redacts any document, such redaction shall be clearly marked on the TIFF image of the document. Redacted ESI shall comply with Paragraph 12 of this Order.

      f.    For documents that do not contain redactions, the producing party will produce an extracted text file, in UTF format where appropriate, for each electronic document and an Optical Character Recognition ("OCR") text file for each imaged paper document.

      g.    An OCR text file shall be provided for all TIFF images, including scanned hard copy documents. For documents that contain redactions, the producing

party will provide an OCR text file made from the redacted images. All searchable text including extracted text and OCR is to be provided as multi-page searchable text (.TXT) files.

h. Each page of produced ESI will contain a legible Bates number that: is unique across the document production; has a constant length (0-padded) across the production; and is sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the producing party will notify the receiving party in its cover letter to the production that the production contains skipped Bates numbers. Both the Bates number and confidentiality notice shall be placed on the page image in a manner that does not conceal or interfere with any information contained on the page. This paragraph does not apply to Excel spreadsheets or other files produced in native electronic format.

i. If applicable, each page of produced ESI will contain a confidentiality designation in accordance with the Stipulated Protective Order entered in this Action. ESI that contains Confidential or Highly Confidential information shall be handled utilizing the procedures set forth in the Stipulated Protective Order.

j. No other stamp or information will be placed on a document other than Bates number, confidentiality designation, and any redactions.

k. A party may request in writing that the producing party produce specific documents in their native format. Where documents are produced in native format, a corresponding TIFF placeholder will also be produced. Any file produced in its native format is to be named with its corresponding Bates number and extension. If any produced native file is Confidential or Highly Confidential under the terms of the Stipulated Protective Order, the file name must include the corresponding confidentiality designation following the Bates number. For example, native files that are designated "Confidential" must be named following the pattern, "BatesNumber_Confidential.extension"; and native files that are

designated "Highly Confidential – Attorneys' Eyes Only" must be named following the pattern "BatesNumber_Highly ConfidentialAEO.extension." If a party converts native files or other ESI designated Confidential or Highly Confidential under the Stipulated Protective Order to hard copy form, it shall mark the hard copy with the appropriate designation.

l. **Embedded Objects.** Non-image files embedded within documents, such as spreadsheets within a PowerPoint, will be extracted as separate documents and treated like attachments to the document in which they were embedded. Graphic objects embedded within documents or emails, such as inline images, logos, signature blocks, and backgrounds shall not be extracted as separate documents.

m. **Compressed Files.** Compression file types (e.g., .CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed in a manner that ensures a container within a container is decompressed into the lowest uncompressed element resulting in individual files. The container file itself shall not be produced.

n. Reasonable efforts shall be made to correctly match time zones and individual custodians, such that the time zone used for processing documents for any given custodian corresponds to the time zone where that custodian is principally employed.

6. **Metadata and Fielded Information.** During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values should be extracted and produced in a load file ("metadata load file"). Where possible and to the extent they are available in collected data, the metadata values that are to be extracted and produced in the metadata load files are:

   Metadata from E-mail:
   Email Subject
   Email Sender

| | |
|---|---|
| 1 | Email To |
| 2 | Email CC |
| 3 | Email BCC |
| 4 | Email Received Date/Time (format: MM/DD/YYYY hh:mm:ss) |
| 5 | Email Sent Date/Time (format: MM/DD/YYYY hh:mm:ss) |
| 6 | Email Message ID |
| 7 | Email Thread ID |
| 8 | MD5 or SHA Hash |
| 9 | File Path |
| 10 | |
| 11 | <u>Metadata from Electronic Files:</u> |
| 12 | File Name |
| 13 | File Author |
| 14 | File Created Date/Time (format: MM/DD/YYYY hh:mm:ss) |
| 15 | File Modified Date/Time (format: MM/DD/YYYY hh:mm:ss) |
| 16 | File Extension |
| 17 | MD5 or SHA Hash |
| 18 | File Path |
| 19 | |
| 20 | <u>Fielded Data:</u> |
| 21 | Custodian |
| 22 | All Custodians |
| 23 | Confidentiality Designation |
| 24 | Redaction (Y/N) |
| 25 | Production Begin Number |
| 26 | Production End Number |
| 27 | Production Attachment Begin Number (where applicable) |
| 28 | Production Attachment End Number (where applicable) |

        Native File Link (where files are being produced in native form)

        Text File Link

With respect to ESI gathered from an individual's hard drive or network share, information sufficient to identify the individual custodian from whose hard drive or network share such ESI has been gathered will be provided in the Custodian field, to the extent reasonably available. Data that is not collected from an individual's hard drive or network share and is not reasonably identifiable as to source will be designated as "company documents." Metadata may be withheld for redacted documents.

7. **De-duplication.** A party is only required to produce a single copy of any responsive document. A party may only de-duplicate "exact duplicate" documents and not de-duplicate "near duplicate" documents, both of the quoted terms in this sentence being given their ordinary meaning in the electronic discovery field. A party may de-duplicate ESI across each party's custodians, but if that option is exercised, the producing party must identify each additional custodian whose copy was suppressed in the "All Custodians" field. De-duplication will be based on MD5 or SHA hash values, and each party will disclose the methodology it used to de-duplicate. Hard copy documents may not be eliminated as duplicates of responsive ESI.

8. **System and Program Files.** System and program files defined on the National Institute of Standards and Technology ("NIST") list need not be processed, reviewed, or produced. Additional files may be added to the list of excluded files by mutual agreement of the parties.

9. **Searches: Key Words and Other Search Methodologies.** To the extent that key words or other methodologies are to be used in limiting the universe of potentially responsive documents to be reviewed in advance of production, the parties shall meet and confer to develop a mutually agreeable list of search terms and protocols.

10. **Production of Excel and Database ESI.** Unless such materials contain privileged information, MS-Excel spreadsheets shall be produced in native format. If such spreadsheets include redacted information, they need not be produced in native format, but shall be produced with the extracted text and applicable metadata fields set forth in Paragraph 6 of this Order. When producing spreadsheets in other than their native formats, the producing party shall include all hidden rows, columns, cells, worksheets, data, comments, or formulas, as well as any associated headers or footers.

The parties will meet and confer regarding production, in a mutually agreeable format, of responsive data contained in databases.

11. **Production of Media Files.** Unless otherwise mutually agreed to by the parties, media files are to be produced in the native media file format in which they were maintained in the ordinary course of business unless redactions are needed. If redactions are needed, the redacted media file may be produced either in the original native format or in a standard media format.

12. **Redacted ESI.** The party shall identify redacted documents using a database field populated for each redacted document. Any failure to redact information does not automatically waive any right to claims of privilege or privacy, or any objection, including relevancy, as to the specific document or any other document that is or will be produced.

13. **Inadvertently Produced Documents.** Inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or immunity from disclosure shall be handled utilizing the procedures set forth in the Stipulated Protective Order.

14. **Privilege Logs.**

A. Privilege Log. Consistent with the Federal Rules of Civil Procedure, a party withholding or redacting any responsive document on the grounds of

privilege, immunity, or any similar claim shall provide to the receiving party a privilege log, except that:

    a. the Parties shall have no obligation to log information generated on or after the date the original Complaint was filed in this Litigation; and

    b. activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) are protected from disclosure under Fed. R, Civ. Proc. 26(b)(3)(A) and (B) and need not be included in the privilege log.

B. Privilege Log Contents.  For each document withheld or redacted, the privilege log shall contain the following information: (i) the date of the document; (ii) the identity of all persons who authored, signed, or otherwise prepared the document; (iii) the identity of all persons designated as addressees or copyees; (iv) a brief description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privileged or immunity; (v) the type or nature of the privilege asserted (e.g., attorney-client privilege, work-product doctrine, etc.); and (vi) for redacted documents only, the bates numbers corresponding to the first and last page of any document redacted.  For all individuals listed on a log whose role as an attorney is the basis for a claim of privilege, the privilege log shall contain some indication that the individual is an attorney (for example, an asterisk next to each attorney's name).

C. Protocols for Logging E-mail Chains.  Any e-mail chain (i.e., a series of e-mails linked together by e-mail responses and forwarding) that is withheld or redacted on the grounds of privilege, immunity, or any similar claim shall be logged as one document and shall be identified by the top-most e-

mail in the chain that is withheld or redacted. To the extent an email chain containing discoverable, non-privileged information also contains allegedly privileged information, then the chain will be produced and only that portion of the chain containing privileged information will be redacted, with the redaction logged in accordance with the provisions of this Order. The parties shall not be required to log identical copies of an e-mail that is included in a chain that has been logged in accordance with this Paragraph.

D. Protocols for Logging "Families." Each member of a family (i.e., e-mail attaching memorandum) that is withheld or redacted on the grounds of privilege, immunity, or any similar claim shall be identified on the log separately. If a family contains both privileged information and non-privileged information that is discoverable under Fed. R. Civ. P. 26(b)(1), only the privileged information shall be logged and withheld and/or redacted as privileged; any non-privileged, discoverable information in the family shall be produced.

15. **Costs.** Each party shall bear its own costs unless otherwise ordered by the Court.

16. **Modifications.** In the event of individual issues that arise with regard to the identification and production of ESI and ESI-related information, as set forth in this Order, any practice or procedure provided for herein as to such identification and/or production may be varied by written agreement of the parties where such variance is deemed appropriate to facilitate the timely and economical exchange of documents, ESI, or ESI-related information. The parties shall meet and confer in the event of any dispute over the need for or nature of such variance in practice or procedure, in an effort to reach agreement prior to informing the Court of any unresolved issues.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 27, 2023

LATHAM & WATKINS LLP

By: */s/ Timothy L. O'Mara*
Timothy L. O'Mara (Bar No. 212731)

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
Email: tim.o'mara@lw.com

*Attorneys for Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc.*

Dated: February 27, 2023

FARUQI & FARUQI, LLP

By: */s/ Lisa T. Omoto*
Lisa T. Omoto (Bar No. 303830)

1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
lomoto@faruqilaw.com

WALSH P.L.L.C.

Bonner C. Walsh (*pro hac vice*)
1561 Long Haul Road
Grangeville, Idaho 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com

*Attorneys for Plaintiff Michelle Sterioff*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:_____

_____
HON. GAIL J. STANDISH
United States Magistrate Judge

# ATTESTATION

I am the ECF user whose identification and password are being used to file the foregoing [Proposed] Order Granting Stipulation re: Discovery of Electronically Stored Information. Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Timothy L. O'Mara, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized such filing.

Dated: February 27, 2023             */s/ Timothy L. O'Mara*
                                                            Timothy L. O'Mara