| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| 2 | Timothy L. O'Mara (Bar No. 212731)<br>*tim.o'mara@lw.com* |
| 3 | Kirsten M. Ferguson (Bar No. 252781)<br>*kirsten.ferguson@lw.com* |
| 4 | Robin L. Gushman (Bar No. 305048)<br>*robin.gushman@lw.com* |
| 5 | 505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538 |
| 6 | Telephone: +1.415.391.0600<br>Facsimile: +1.415.395.8095 |
| 7 | *Attorneys for Defendants Ticketmaster L.L.C.* |
| 8 | *and Live Nation Entertainment, Inc.* |
| 9 | [Additional Counsel on Signature Page] |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE STERIOFF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER LLC,<br><br>Defendants. | Case No. 2:22-cv-09230-GW-GJS<br><br>**JOINT STATUS REPORT**<br><br>The Honorable George H. Wu<br><br>Conference Date: May 11, 2023<br>Conference Time: 8:30 a.m.<br>Courtroom: 9D, 9th Floor |

Pursuant to the Court's March 20, 2023 Order (ECF No. 39), Plaintiff Michelle Sterioff and Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster, L.L.C. ("Ticketmaster") (together, "Defendants") hereby respectfully submit this joint status report in advance of the May 11, 2023 status conference.

In the March 16, 2023 Joint Status Report Regarding Arbitration-Related Discovery (ECF No. 36), Plaintiff represented that her forthcoming pre-arbitration discovery requests would "relate to the three issues identified in the Parties' January 30, 2023 Joint Stipulation,"[1] and "be limited." During the March 20, 2023 status conference, Plaintiff's counsel stated that the forthcoming "arbitration discovery [would be] relatively simple … [and] narrowly tailored." Hr'g Tr. 4:25-5:2.

The next day, Plaintiff served forty-four requests for production, twelve requests for admission, and seven interrogatories on Ticketmaster, and forty-four requests for production, twelve requests for admission, and seven interrogatories on Live Nation. Plaintiff also sought depositions of Helene Green and Kimberly Tobias (the two individuals who submitted declarations in support of Defendants' Motion to Compel Arbitration), as well as a Rule 30(b)(6) deposition of Ticketmaster (with nineteen deposition topics) and a Rule 30(b)(6) deposition of Live Nation (with nineteen deposition topics). It is Plaintiff's position that this discovery was tailored to primarily address the issue of whether Defendants could establish that Plaintiff – who did not purchase her tickets to "The Eras" Tour through Ticketmaster – assented to Defendants' Terms in connection with "The Eras" Tour. Defendants disagree; it is their position that Plaintiff's discovery requests are not tailored to Defendants' motion to compel arbitration, because they seek (among other things) class

---

[1] The three issues identified in the January 30, 3023 Joint Stipulation Setting Briefing Schedule ¶ 4 (ECF No. 24) are: "whether Plaintiff assented to Defendants' Terms of Use (the "Terms") and if so, when she assented; whether an arbitration agreement that encompasses this dispute exists; and whether the Terms delegate arbitrability to the arbitrator."

discovery, merits discovery, and discovery into matters completely unrelated to Defendants' motion.

Defendants served objections and responses to Plaintiff's discovery requests on April 20, 2023.

Pursuant to Local Rule 37-1, Defendants concurrently served a pre-motion letter ("Pre-Motion Letter") objecting to the deposition notices and requesting to meet and confer prior to moving for a protective order against the notices on grounds that, in Defendants' view, the depositions (among other things) seek irrelevant information—including discovery into matters unrelated to Plaintiff and/or Defendants' Motion—and are unreasonably cumulative and duplicative of both Plaintiff's written discovery requests and the information and documents that Defendants have already produced.

In an effort to reach compromise, Defendants agreed to provide Plaintiff with the transcripts of Ms. Tobias's depositions taken in connection with Defendants' motions to compel arbitration in two related cases: *Heckman v. Live Nation Entertainment, Inc., et al.*, Case No. 2:22-cv-00047 (C.D. Cal.) (involving the same notices at sign-in and purchase that are at issue in this case) and *Oberstein v. Live Nation Entertainment, Inc., et al.*, Case No. 2:20-cv-03888 (C.D. Cal.) (involving the same notice at sign-in that is at issue in this case). Defendants produced those transcripts on May 1, 2023. *See* **Exhibit A** (email correspondence regarding deposition transcripts).

The parties met and conferred about Defendants' Pre-Motion Letter on May 2, 2023.

During that meet-and-confer, Plaintiff agreed to drop her request for the deposition of Helene Green and eliminate topics six, seven, eight, twelve, thirteen, and fourteen for the two Rule 30(b)(6) depositions, but did not agree to drop or modify the remaining thirteen topics in each of the Rule 30(b)(6) deposition notices. Plaintiff did not agree to drop the deposition of Kimberly Tobias, but did agree to

defer it pending the outcome of the Rule 30(b)(6) depositions. *See* **Exhibit B** (email correspondence regarding meet and confer).

Defendants disagree that the remaining topics in the two Rule 30(b)(6) deposition notices and/or a deposition of Kimberly Tobias are relevant or appropriate at this stage of the case. It is Defendants' position that the depositions seek irrelevant information, are unreasonably cumulative and duplicative of other discovery, and are unnecessary for the Court's resolution of Defendants' Motion to Compel Arbitration. Plaintiff disagrees, and understands Defendants to be taking the position that Plaintiff should not be entitled to take *any* depositions and should instead be compelled to (a) rely on depositions conducted in two cases that involved different arbitration issues and (b) accept, without question, the reliability of Defendants' documents, including documents pertaining to Plaintiff's purported Ticketmaster account history.

Because the parties are at an impasse, Defendants intend to move for a protective order with respect to the remaining deposition notices, pursuant to Local Rule 37-1. Plaintiff will oppose Defendants' motion.

*[signatures on following page]*

| | | |
|---|---|---|
| 1 | Dated: May 8, 2023 | Respectfully Submitted, |
| 2 | | FARUQI & FARUQI, LLP |
| 3 | | By: */s/ Lisa T. Omoto* |
| 4 | | Lisa T. Omoto (Bar No. 303830) |
| 5 | | 1901 Avenue of the Stars, Suite 1060 |
| 6 | | Los Angeles, CA 90067<br>Telephone: (424) 256-2884<br>Facsimile: (424) 256-2885 |
| 7 | | lomoto@faruqilaw.com |
| 8 | | |
| 9 | | WALSH P.L.L.C. |
| 10 | | Bonner C. Walsh (*pro hac vice*)<br>1561 Long Haul Road<br>Grangeville, ID 83530 |
| 11 | | Telephone: (541) 359-2827<br>Facsimile: (866) 503-8206 |
| 12 | | bonner@walshpllc.com |
| 13 | | *Attorneys for Plaintiff Michelle Sterioff* |
| 16 | Dated: May 8, 2023 | LATHAM & WATKINS LLP |
| 17 | | By: */s/ Timothy L. O'Mara* |
| 18 | | Timothy L. O'Mara |
| 19 | | 505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538 |
| 20 | | Telephone: +1.415.391.0600<br>Facsimile: +1.415.395.8095 |
| 21 | | tim.o'mara@lw.com |
| 22 | | *Attorneys for Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc.* |

**ATTESTATION**

I am the ECF user whose identification and password are being used to file the foregoing Joint Status Report. Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Timothy L. O'Mara, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized such filing.

Dated:  May 8, 2023                              */s/ Timothy L. O'Mara*
                                                          Timothy L. O'Mara