# EXHIBIT A

1   LATHAM & WATKINS LLP
        Timothy L. O'Mara (Bar No. 212731)
2           *tim.o'mara@lw.com*
        Kirsten M. Ferguson (Bar No. 252781)
3           *kirsten.ferguson@lw.com*
        Robin L. Gushman (Bar No. 305048)
4           *robin.gushman@lw.com*
    505 Montgomery Street, Suite 2000
5   San Francisco, California 94111-6538
    Telephone: +1.415.391.0600
6   Facsimile: +1.415.395.8095

7   *Attorneys for Defendants Ticketmaster LLC*
    *and Live Nation Entertainment, Inc.*

8

9                   **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11

12  MICHELLE STERIOFF, individually     Case No. 2:22-cv-09230-GW-GJS
13  and on behalf of all others similarly
    situated,
14                                       **DEFENDANTS LIVE NATION**
                Plaintiff,               **ENTERTAINMENT, INC. AND**
15                                       **TICKETMASTER LLC'S**
    v.                                   **OBJECTIONS AND RESPONSES**
16                                       **TO PLAINTIFF'S FIRST SETS OF**
    LIVE NATION ENTERTAINMENT,           **REQUESTS FOR PRODUCTION**
17  INC., and TICKETMASTER, LLC,
18                                       The Honorable George H. Wu
                Defendants.
19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 3

1     Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, all

2   applicable Local Civil Rules of the United States District Court for the Central

3   District of California, the Order Granting Stipulation Regarding Discovery of ESI

4   (ECF No. 34), and the Stipulated Protective Order entered by the Court in this case

5   (ECF No. 35), Defendants Ticketmaster LLC ("Ticketmaster") and Live Nation

6   Entertainment, Inc. ("Live Nation") (together, "Defendants") hereby object and

7   respond to Plaintiff's First Set of Requests for Production to Live Nation and

8   Plaintiff's First Set of Requests for Production to Ticketmaster (together, the

9   "Requests"), served on March 21, 2023.[1]

## PRELIMINARY STATEMENT

12     The objections and responses set forth below are based upon a reasonable and

13   diligent search of the information and documents presently within Defendants'

14   possession, custody, and control.   These objections and responses are further

15   provided without prejudice to Defendants' right to amend or supplement these

16   objections and responses at a later time as discovery develops, if additional

17   documents or information come to Defendants' attention in the course of their

18   continuing investigation.  This reservation, however, is not to be construed as an

19   undertaking by Defendants of an affirmative duty to change or supplement these

20   responses, except as otherwise required by the Federal Rules of Civil Procedure.

21   The fact that Defendants have responded to any Request is not intended to be, and

22   shall not be construed as, a waiver of any objection in this or in any subsequent

23   proceeding, on any grounds, including objections as to the competency, relevancy,

24   materiality, privilege, and/or admissibility of the responses, or the subject matter

25   thereof.  By making these responses, Defendants do not concede that the documents

26   sought are relevant or proportional to the needs of this case.  Nothing herein should

---

[1]   Plaintiff served identical Requests for Production on Live Nation and Ticketmaster.  Defendants object and respond to both sets of Requests through this combined response.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 4

1   be considered a waiver of Defendants' rights or an admission that any discovery
2   Plaintiff seeks is relevant or necessary to the determination of Defendants' Motion
3   to Compel Arbitration (ECF No. 26) ("Motion") pending before the Court.  Nothing
4   in these objections or responses is intended as, or constitutes, an admission or a
5   waiver of any of Defendants' defenses, rights, or remedies.

6
7                          **GENERAL OBJECTIONS**
                    ───────────────────────────────

8        The following general objections are continuing in nature and apply to each
9   Request and are incorporated in each response.  Each individual response is made
10  subject to and without waiver of such general objections:

11       1.      The collective burden of Plaintiff's discovery to date—including (a) all
12  documents produced in *Oberstein v. Live Nation Entertainment, Inc.*, Case No. 2:20-
13  cv-03888 (C.D. Cal.), (b) all documents produced in *Heckman v. Live Nation*
14  *Entertainment, Inc.*, Case No. 2:22-cv-00047 (C.D. Cal.), (c) all documents that
15  Defendants relied upon for their Motion, *see* ECF No. 25, (d) four deposition
16  notices, (e) fourteen interrogatories, (f) twenty-four requests for admission, and
17  (g) eighty-eight requests for production—is unduly burdensome and grossly
18  disproportionate to the needs of the case.  The discovery Plaintiff seeks is
19  particularly inappropriate because it is pre-arbitration discovery.  *See, e.g.*, *Tate v.*
20  *Progressive Fin. Holdings, LLC*, No. 217CV01589, 2017 WL 4804354, at *4 (C.D.
21  Cal. Oct. 24, 2017) (explaining that the FAA allows only "limited pre-arbitration
22  discovery," and rejecting Plaintiff's contention "that he should be entitled to conduct
23  discovery to determine whether the arbitration clause . . . encompasses his claims");
24  *Laguna v. Coverall N. Am., Inc.*, No. 09CV2131, 2011 WL 3176469, at *7 (S.D.
25  Cal. July 26, 2011) ("Although the Federal Rules generally allow for broad
26  discovery in civil actions, discovery in connection with a motion to compel
27  arbitration is limited under the FAA.").  "The Ninth Circuit has explained that the
28  FAA provides for discovery in connection with a motion to compel arbitration only

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 5

1    if 'the making of the arbitration agreement . . . [is] in issue.'" *Laguna*, 2011 WL

2    3176469, at *6 (citation omitted) (emphasis added).  As a result, any pre-arbitration

3    discovery that a court permits must be <u>narrowly tailored</u> to that issue.  *Id.* at *7

4    ("Because the FAA only permits limited discovery when a motion to compel

5    arbitration is pending, Plaintiffs' discovery must be narrowly tailored to determining

6    whether the arbitration clause is enforceable under California law.").  Plaintiff's

7    counsel appeared to recognize these limitations on pre-arbitration discovery during

8    the March 20 status conference, when they represented to the Court tha the

9    forthcoming "arbitration discovery [would be] relatively simple . . . [and] narrowly

10    tailored." Hr'g Tr. 4:25-5:2.  That representation was false: the next day, Plaintiff

11    served <u>126</u> written discovery requests and <u>four</u> deposition notices on Defendants.

12    Moreover, those requests and notices are neither simple nor narrowly tailored to

13    Defendants' Motion; to the contrary, they seek (among other things) class discovery,

14    merits discovery, and discovery into matters completely unrelated to Defendants'

15    Motion.  Burden and proportionality are measured in total, and not at the margin of

16    the last disputed request.  In light of the discovery that Defendants have already

17    agreed to produce, the volume of discovery that Plaintiff has served, and the pre-

18    arbitration stage of the case, the Requests are unduly burdensome and grossly

19    disproportionate to the needs of the case.

20        2.     Defendants object to the Requests, including the Definitions and

21    Instructions contained therein, because they seek documents that are not relevant to

22    Defendants' Motion and/or are not proportional to the needs of that issue.

23        3.     Defendants object to the Requests, including the Definitions and

24    Instructions contained therein, to the extent that they attempt to impose burdens

25    different from or that exceed the requirements of the Federal Rules of Civil

26    Procedure, the applicable Local Rules of the United States District Court for the

27    Central District of California, or any other governing law.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 6

4.     Should Defendants produce documents in response to the Requests, Defendants will produce only non-privileged documents that can be located after a reasonable search without undue burden or expense.  Defendants will not search sources that are not reasonably accessible.

5.     Defendants object to the Requests, including the Definitions and Instructions contained therein, to the extent that they seek the production of documents protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege, immunity, or protection.  The inadvertent identification or production of any such documents shall not constitute a waiver of any privilege with respect to the documents produced or the subject matter thereof, or a waiver of Defendants' right to (a) object to the use of any such information during trial or any subsequent proceeding, and/or (b) demand the return of any documents so produced. Specific objections on grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Defendants do not object to a given Request on the basis of an applicable privilege.

6.     Defendants object to the Requests, including the Definitions and Instructions contained therein, to the extent that they seek the production of documents containing proprietary, highly confidential, and/or competitively-sensitive information that is not relevant to this litigation.

7.     Defendants object to the Requests, including the Definitions and Instructions contained therein, to the extent that they require the disclosure of documents that are a matter of public record, are equally available to Plaintiff, or are already in Plaintiff's possession, custody, or control.

8.     Defendants object to the Requests, including the Definitions and Instructions contained therein, to the extent that they are vague, ambiguous, overly broad, and/or unduly burdensome.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
San Francisco

4

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 7

9. Defendants object to the Requests, including the Definitions and Instructions contained therein, as vague and ambiguous to the extent that they use terms or define terms in ways that are incorrect and/or inconsistent with how those terms are used by Defendants and/or within the industry.

10. Defendants object to the Requests, including the Definitions and Instructions contained therein, to the extent that they seek information or documents that may be obtained from another source that is more convenient, less burdensome, or less expensive.

11. Defendants object to the Requests to the extent that they assume facts not in evidence or misstate facts. Defendants' responses are not intended to and shall not constitute admissions that any of the predicate facts stated in the Requests are true and accurate.

12. No indication by Defendants that they will provide information in response to a request for production of documents shall in any way be construed as an admission by Defendants that any responsive documents do in fact exist. Instead, such indications mean only that Defendants will conduct a reasonable search in files reasonably likely to contain responsive documents and, as specified in and limited by each of Defendants' responses herein, will produce responsive, non-privileged documents located as a result of such search.

13. Defendants object to the Requests, including the Definitions and Instructions contained therein, to the extent that they call for production of a very large quantity of material within 30 days, which is unreasonable and unduly burdensome. To the extent that Defendants agree to produce documents in response the Requests, the timing of such production will depend on the nature and location of the documents being produced. In addition, because the Requests call for the production of electronically stored information, Defendants cannot presently determine whether documents will be withheld on the basis of a particular General

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 8

or Specific Objection.  With respect to any productions, Defendants will produce documents on a rolling basis.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

14.     Defendants object to each and every paragraph of the sections labeled "Definitions" and "Instructions for Requests for Production" to the extent that the definitions or instructions purportedly set forth therein would (a) expand the definition of a term beyond its ordinary use in the English language; (b) define terms in ways that are incorrect and/or inconsistent with how those terms are used by Defendants and/or within the industry; (c) create undue burden for Defendants when propounding their responses and objections to the Requests; and/or (d) impose obligations on Defendants that exceed, or are inconsistent with, the obligations imposed by the Federal Rules of Civil Procedure.

15.     Defendants object to the definitions of the terms "Access Screen," "Interface," and "Required Field" on grounds that they are vague and ambiguous, including to the extent the definitions are inconsistent with how those terms are used by Defendants and/or within the industry.

16.     Defendants object to the definition of "Arbitration Agreement" to the extent that it misrepresents or is inconsistent with Defendants' Terms of Use ("Terms") or the positions Defendants have taken in their Motion.  Defendants will interpret "Arbitration Agreement" to mean Defendants' Terms, inclusive of the arbitration provision therein.

17.     Defendants object to the definitions of "Communicate," "Communication," "Document(s)," "Identify," and "Identification" on grounds that they: are overly broad and unduly burdensome; purport to require the production of documents or information beyond the requirements of the Federal Rules of Civil Procedure; purport to require the production of documents or information that are not in Defendants' possession, custody, or control; encompass materials that are not

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
San Francisco

6

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 9

proportionally relevant to the needs of this case; and purport to require the production of materials from sources that are not reasonably accessible.

18.     Defendants object to the definitions of the terms "Customer," "Customers," and "Services" on grounds that they are vague and ambiguous, including to the extent that the definitions are inconsistent with how those terms are used by Defendants and/or within the industry.

19.     Defendants object to the definition of the term "Terms and Conditions" on grounds that it is vague and ambiguous and overly broad.  Defendants further object to the definition to the extent that it calls for information that is irrelevant to the resolution of Defendants' Motion.  In the responses below, Defendants interpret "Terms and Conditions" to refer only to Defendants' Terms, which are the subject of Defendants' Motion.  Defendants make no representations herein about whether, when, if, or how Plaintiff assented to any other terms and conditions that may be applicable to Defendants' platforms, products, or services.

20.     Defendants object to the definitions of the terms "You," "Your," "Live Nation," and "Ticketmaster" on grounds that they are vague, ambiguous, and overly broad to the extent that the terms purport to incorporate former divisions, former officers, consultants, accounts, and lawyers.  Defendants will understand "You," "Your," "Live Nation," and "Ticketmaster" to refer to Live Nation Entertainment, Inc., including its wholly-owned subsidiary Ticketmaster LLC, and any individuals known to Defendants who served as its employees, directors, and officers during the relevant period.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show each version of any Terms and Conditions that You contend apply to Plaintiff, and also produce Documents sufficient to identify why they apply, and the full URL to such version, time period(s) each such version

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 10

1   was active/live on the site, the legal owner of such version during such time

2   period(s), and any document showing the differences between any such versions.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

4       Defendants incorporate by reference each of their General Objections and

5   Objections to Definitions and Instructions (together, "General Objections").

6   Defendants further object to this Request as overly broad, unduly burdensome, and

7   irrelevant to the resolution of Defendants' Motion, including where it calls for

8   information beyond that which is specific to Plaintiff. *See, e.g.*, *McArdle v. AT & T*

9   *Mobility LLC*, No. C 09-1117, 2013 WL 1190277, at *2 (N.D. Cal. Mar. 21, 2013);

10  *Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1007 (N.D. Cal. 2011) (denying

11  discovery requests because they sought information "irrelevant to the disposition of

12  the pending Motion [to Compel Arbitration]"); *Heredia v. Sunrise Senior Living*

13  *LLC*, No. 8:18- CV-01974, 2020 WL 3108699, at *1 (C.D. Cal. Jan. 31, 2020)

14  ("[D]iscovery requests that seek irrelevant information are inherently unduly

15  burdensome."). Defendants also object to Request No. 1 as vague and ambiguous,

16  including as to the undefined term "legal owner." Defendants further object to

17  Request No. 1 because it calls for a legal conclusion regarding the "legal owner" of

18  various versions the Terms. Subject to and without waiving their objections,

19  Defendants respond to Request No. 1 as follows:

20      Defendants refer Plaintiff to the declaration of Kimberly Tobias in Support of

21  Defendants' Motion ("Tobias Declaration") ¶¶ 20-22 and Exhibits 14-18 (ECF Nos.

22  27-0 & 27-14 through 27-18). Exhibits 14-18 include the versions of the Terms that

23  were live on Defendants' platforms from Plaintiff's account creation date (July 3,

24  2018) through the present. *See* Tobias Decl. ¶¶ 20-22 & Exs. 14-18; *see also* Mot.

25  at 3-4, 11-13, 14 n.11.

26      There is no "document showing the differences between" versions of the

27  Terms over time that exists or is maintained in the ordinary course of Defendants'

28  business. Defendants are not obligated to create documents in response to Plaintiff's

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
San Francisco

8

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 11

discovery request that do not otherwise exist.  *See, e.g.*, *Kakowski v. Allison*, No. 21CV1675, 2022 WL 17652776, at *4 (S.D. Cal. Dec. 13, 2022) (denying plaintiff's motion to compel production of certain documents because defendants "are not required to create documents that do not exist in response to Plaintiff's discovery request" (citing Fed. R. Civ. P. 34(a)(1))); *Owens v. Degazio*, No. 216CV2750, 2020 WL 128517, at *1 (E.D. Cal. Jan. 10, 2020) (denying plaintiff's motion to compel where documents sought did not exist and explaining that "[a] party is not obligated to create documents that do not exist in response to a discovery request").

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show each version of any Interface or Access Screen that You contend Plaintiff accessed, whether or not they referred to and/or contained any hyperlink to any Terms and Conditions, the full URL to such version, time period(s) each such version was active/live on the site, the legal owner of such version during such time period(s), and any document showing the differences between any such versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as overly broad, unduly burdensome, and irrelevant to the resolution of Defendants' Motion, including where it calls for information beyond that which is specific to Plaintiff.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1. Defendants also object to Request No. 2 as vague and ambiguous, including as to the undefined term "legal owner."  Defendants further object to Request No. 2 because it calls for a legal conclusion regarding the "legal owner" of various pages on Defendants' platforms.  Subject to and without waiving their objections, Defendants respond to Request No. 2 as follows:

Defendants refer Plaintiff to their Motion, the Tobias Declaration and Exhibits 1-11, and the Green Declaration.  As explicitly explained in the Tobias Declaration:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 12

- <u>Exhibit 1</u> is a true and correct screenshot of the current[2] account creation page on Ticketmaster's desktop site; <u>Exhibit 2</u> is a true and correct screenshot of the current account creation page on Ticketmaster's mobile site (which provides the same notice as on the desktop site).  Tobias Decl. ¶ 6.  These pages were on Ticketmaster's desktop and mobile sites since at least June 2020.

- <u>Exhibit 3</u> is a true and correct screenshot (taken in November 2018) of the account creation page on Ticketmaster's desktop site; this page was on Ticketmaster's desktop site in July 2018.  *Id.* ¶ 7.

- <u>Exhibit 4</u> is a true and correct screenshot of the current sign-in page on Ticketmaster's desktop site; <u>Exhibit 5</u> is a true and correct screenshot of the same sign-in page on Ticketmaster's mobile site and mobile application.  *Id.* ¶ 11.  Users who signed in to their accounts on Ticketmaster's desktop site, mobile site, and mobile application from at least December 2020 through the date of the declaration would have seen the sign-in page shown in Exhibits 4 and 5.  *Id.*

- <u>Exhibit 6</u> is a true and correct screenshot of the current purchase page on Ticketmaster's desktop site—in particular, for the Cirque du Soleil: Corteo event held at the Climate Pledge Arena on March 5, 2023 at 1:00 PM and to which Plaintiff purchased tickets on November 2, 2022.  *Id.* ¶ 12.  <u>Exhibits 7 and 8</u> are true and correct screenshots of the current purchase pages on Ticketmaster's mobile site and mobile application, respectively, for the same event.  *Id.*  As Defendants explained, this is the notice Plaintiff would have seen when she purchased tickets to the show on November 2, 2022.  *Id.*  As Defendants further explained, the checkbox shown in Exhibits 6 through 8 was added to the payment page on both the desktop and mobile platforms in August 2020.  *Id.* ¶ 13.  Since that time, users have been required to check the box affirming that they have read and agree to the current Terms in order to purchase tickets; if a user chooses to not check the box affirming agreement to the Terms, that user cannot complete her purchase.  *Id.*

- For comparison, Defendants also included <u>Exhibits 9 and 10</u>, which are true and correct screenshots of the payment pages on Ticketmaster's desktop and mobile sites, respectively, from June 2020 (i.e., before the checkbox was added); these screenshots were also submitted in connection with *Oberstein v. Live Nation Entertainment, Inc.*, No. 20-cv-3888, 2021 WL 4772885 (C.D. Cal. Sept. 20, 2021) (Wu, J.), *aff'd*, No. 21-56200, 60 F.4th 505 (9th Cir. 2023), to show the notice of the Terms that the *Oberstein* plaintiffs would have seen on the purchase page.  *Id.* ¶ 14.  Defendants further explained that the purchase pages on Ticketmaster's desktop and mobile sites in 2018 and 2019, for example, required users to assent to the Terms with a substantially similar notice as the one at issue in *Oberstein*.  *Id.*

The factual discussion of Defendants' Motion "focus[es] on Plaintiff's recent acceptances of the <u>current</u> Terms—including her acceptance of the Terms in

---

[2]    The term "current" as used herein in reference to information contained in the Tobias declaration should be read to mean current as of the time of filing.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 13

1  connection with The Eras Tour, which forms the basis of her Complaint." Mot. at 5

2  (emphasis in original).  As explained in Defendants' Motion, each time Plaintiff

3  signed in to her account on, accepted a transfer of tickets via, or purchased a ticket

4  from Defendants' platforms in 2022, she saw one of the notices depicted in

5  Exhibits 4-8.  Defendants refer Plaintiff to the Green Declaration for identification

6  of the platform Plaintiff used when accepting each ticket transfer and when making

7  each ticket purchase.  Green Decl. ¶¶ 7, 9; *see also* LNTM00000342.  For additional

8  information regarding the platform Plaintiff used each time she signed in to her

9  account in 2022, Defendants further refer Plaintiff to the sign-in data that Defendants

10  are concurrently producing in response to Request No. 6.  *See* LNTM00000350.

11       Defendants have identified Plaintiff's numerous points of assent, the exact

12  notice of the Terms she would have seen at each point, and the actions that she took

13  at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10; *see also*

14  Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342;

15  LNTM00000344.  As explained in the Motion, any one of these points of assent is

16  dispositive.   Requiring Defendants to otherwise identify "each version of any

17  Interface or Access Screen" that "Plaintiff accessed" and the "time period(s) each

18  such version was active/live on the site" is plainly overly broad and unduly

19  burdensome because such information is irrelevant to the resolution of Defendants'

20  motion.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at

21  1007; *Heredia*, 2020 WL 3108699, at *1.  Furthermore, identifying and collecting

22  information responsive to this Request would be incredibly time consuming and

23  burdensome and would outweigh any marginal relevance that this information has

24  (which is none).

25       Finally, there is no "document showing the differences between" versions of

26  different pages on Defendants' platforms over time that is maintained in the ordinary

27  course of Defendants' business.  Defendants are not obligated to create documents

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 14

1  in response to Plaintiff's discovery request that do not otherwise exist.  *See, e.g.*,

2  *Kakowski*, 2022 WL 17652776, at *4; *Owens*, 2020 WL 128517, at *1.

3  **REQUEST FOR PRODUCTION NO. 3:**

4      Documents sufficient to show each version of the Ticketmaster home page or

5  application screen, including any "splash screen," introductory statements,

6  advertisements, or other information that You contend was displayed to Plaintiff she

7  first accessed ticketmaster.com, and the full URL to such version, time period(s)

8  each such version was active/live on the site, the legal owner of such version during

9  such time period(s), and any document showing the differences between any such

10  versions.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

12      Defendants incorporate by reference each of their General Objections.

13  Defendants further object to this Request as overly broad, unduly burdensome, and

14  irrelevant to the resolution of Defendants' Motion, including where it calls for

15  information beyond that which is specific to Plaintiff.  *See, e.g.*, *McArdle*, 2013 WL

16  1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1.

17  Defendants also object to Request No. 3 as vague and ambiguous, including as to

18  the undefined terms and phrases "splash screen," "introductory statements, "legal

19  owner," and "first accessed ticketmaster.com."  Defendants further object to Request

20  No. 3 because it calls for a legal conclusion regarding the "legal owner" of various

21  pages on Defendants' platforms.  Subject to and without waiving their objections,

22  Defendants respond to Request No. 3 as follows:

23      Defendants refer Plaintiff to their Motion, the Tobias Declaration and Exhibits

24  12-13, the Green Declaration, and their Response to Request No. 2 (above).  Further,

25  as explicitly explained in the Tobias Declaration:

26      [T]he current homepage on both [Ticketmaster's] desktop and mobile
        sites contains a link across the bottom of the page that reads:  "By
27      continuing past this page, you agree to our **Terms of Use**."  The phrase
        "**Terms of Use**" is in bold and hyperlinks to the full text of the Terms.

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 15

1
. . . Exhibit 12 is a true and correct screenshot of the current Ticketmaster desktop site homepage, showing this notice, and . . .

2
Exhibit 13 is a true and correct screenshot of the current Ticketmaster mobile site homepage, showing this notice.

3
While the look and feel of Ticketmaster's desktop and mobile sites have changed slightly over time, various pages have informed users

4
browsing the sites of the Terms since at least 2010.

5   Tobias Decl. ¶ 18.  Moreover, Defendants do not rely on the notices at the bottom

6   of (virtually all) Live Nation and Ticketmaster websites as a point of Plaintiff's

7   assent in their Motion; rather, Defendants explain that the bottom-of-the-page

8   notices are yet additional instances where Plaintiff would have been put on notice of

9   the Terms, and that courts have found provide constructive notice of the Terms.  Mot.

10   at 4 n.3.  Exhibits 12-13 are included in Defendants' supporting papers as an example

11   of one such bottom-of-the-page notice.

12         Defendants have separately identified Plaintiff's numerous points of

13   affirmative assent to the Terms at sign-in, ticket transfer acceptance, and ticket

14   purchase—as well as the exact notice of the Terms Plaintiff would have seen at each

15   point.   Mot. at 4-10; *see also* Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9;

16   LNTM00000341; LNTM00000342; LNTM00000344.  As explained in the Motion,

17   any one of these points of assent is dispositive, and Defendants need not (and do not)

18   rely on the homepage notices.  Therefore, requiring Defendants to identify "each

19   version of the Ticketmaster home page or application screen, including any 'splash

20   screen,' introductory statements, advertisements, or other information" that "was

21   displayed to Plaintiff" and the "time period(s) each such version was active/live on

22   the site" is plainly overly broad and unduly burdensome because such information

23   is irrelevant to the resolution of Defendants' Motion.  *See, e.g.*, *McArdle*, 2013 WL

24   1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1.

25   Furthermore, identifying and collecting information responsive to this Request

26   would be incredibly time consuming and burdensome and would outweigh any

27   marginal relevance that this information has (which is none).

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
San Francisco

13

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 16

Finally, there is no "document showing the differences between" versions of different pages on Defendants' platforms over time that is maintained in the ordinary course of Defendants' business.  Defendants are not obligated to create documents in response to Plaintiff's discovery request that do not otherwise exist.  *See, e.g.*, *Kakowski*, 2022 WL 17652776, at *4; *Owens*, 2020 WL 128517, at *1.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show each version of the complete sequence of any Interface or Access Screen accessed by Plaintiff:

     a. to purchase or receive any Ticket;

     b. to create a user profile or account profile;

     c. to log in to or access any Service; and

     d. to make any purchases or payments;

For each of these, also produce Documents sufficient to identify the Plaintiff to whom the version allegedly applies, why it applies, and the full URL to such version, time period(s) each such version was active/live on the site, the legal owner of such version during such time period(s), and any document showing the differences between any such versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate by reference each of their General Objections. Defendants also object to Request No. 4 to the extent that it is cumulative and duplicative of other Requests, including (for example) Request Nos. 5, 6, 7, 8, 9, 12, 13, 14, 15, 23, and 27.  Defendants further object to this Request as overly broad, unduly burdensome, and irrelevant to the resolution of Defendants' Motion— including where it calls for information beyond that which is specific to Plaintiff, and where it seeks "a complete sequence" of Plaintiff's interaction with Defendants' platforms irrespective of the specific points of her assent to the Terms.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1.  Defendants also object to Request No. 4 as vague and

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 17

ambiguous where it calls for identification of "the Plaintiff to whom [each page] version allegedly applies."  Based on the definition of "Plaintiff" identified in the Requests and consistent with the facts of this case, the defined term "Plaintiff" refers to the only Plaintiff at issue here—Michelle Sterioff.  Defendants also object to Request No. 4 as vague and ambiguous as to the meaning of the undefined term "legal owner."  Defendants further object to Request No. 4 because it calls for a legal conclusion regarding the "legal owner" of various pages on Defendants' platforms. Subject to and without waiving their objections, Defendants respond to Request No. 4 as follows:

Defendants refer Plaintiff to their Motion, the Tobias Declaration and Exhibits 1-11, the Green Declaration, and their Response to Request No. 2 (above).

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show each version of any Interface or Access Screen that required Plaintiff to affirmatively click or activate any check box, button, or hyperlink, or to input data into a Required Field acknowledging awareness of or agreement to the Terms and Conditions before further using any Services, and also produce Documents sufficient to identify the Plaintiff to whom the version allegedly applies, why it applies, and the full URL to such version, time period(s) each such version was active/live on the site, the legal owner of such version during such time period(s), and any document showing the differences between any such versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate by reference each of their General Objections. Defendants also object to Request No. 5 to the extent that it is cumulative and duplicative of other Requests, including (for example) Request Nos. 4, 6, 7, 8, 9, 12, 13, 14, 15, 23, and 27.  Defendants further object to this Request as overly broad, unduly burdensome, and irrelevant to the resolution of Defendants' Motion.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1.  Defendants also object to Request No. 5 as vague and

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 18

ambiguous where it calls for identification of "the Plaintiff to whom [each page] version allegedly applies." Based on the definition of "Plaintiff" identified in the Requests and consistent with the facts of this case, the defined term "Plaintiff" refers to the only Plaintiff at issue here—Michelle Sterioff. Defendants also object to Request No. 5 as vague and ambiguous as to the meaning of the undefined term "legal owner." Defendants further object to Request No. 5 because it calls for a legal conclusion regarding the "legal owner" of various pages on Defendants' platforms. Subject to and without waiving their objections, Defendants respond to Request No. 5 as follows:

Defendants refer Plaintiff to their Motion, the Tobias Declaration and Exhibits 6-8, the Green Declaration, and their Response to Request No. 2 (above). Further, as explicitly explained in the Tobias Declaration:

- Exhibit 6 is a true and correct screenshot of the current purchase page on Ticketmaster's desktop site—in particular, for the Cirque du Soleil: Corteo event held at the Climate Pledge Arena on March 5, 2023 at 1:00 PM and to which Plaintiff purchased tickets on November 2, 2022. Tobias Decl. ¶ 12.

- Exhibits 7 and 8 are true and correct screenshots of the current purchase pages on Ticketmaster's mobile site and mobile application, respectively, for the same event. *Id.*

- The checkbox shown in Exhibits 6 through 8 was added to the payment page on both the desktop and mobile platforms in August 2020. *See id.* ¶ 13. Since that time, users have been required to check the box affirming that they have read and agree to the current Terms in order to purchase tickets; if a user chooses to not check the box affirming agreement to the Terms, that user cannot complete her purchase. *Id.*

As explained in Defendants' Motion, each time Plaintiff purchased a ticket from Defendants' platforms in 2022, she affirmatively checked the box depicted in Exhibits 6-8, which states "I have read and agree to the current **Terms of Use**." Mot. at 9-10. Defendants refer Plaintiff to the Green Declaration for identification of the platform Plaintiff used when making each ticket purchase. Green Decl. ¶ 9; *see also* LNTM00000342.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 19

Inclusive of the ticket purchases described above, Defendants have identified Plaintiff's numerous points of assent and the exact notice of the Terms she would have seen at each point—and they refer Plaintiff to that information. *See* Mot. at 4-10; *see also* Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344. As explained in the Motion, any one of these points of assent is dispositive. Requiring Defendants to otherwise identify the "time period(s) each such version was active/live on the site" is plainly overly broad and unduly burdensome because such information is irrelevant to the resolution of Defendants' motion. *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1. Furthermore, identifying and collecting information responsive to this Request would be incredibly time consuming and burdensome and would outweigh any marginal relevance that this information has (which is none).

Finally, there is no "document showing the differences between" versions of different pages on Defendants' platforms over time that is maintained in the ordinary course of Defendants' business. Defendants are not obligated to create documents in response to Plaintiff's discovery request that do not otherwise exist. *See, e.g.*, *Kakowski*, 2022 WL 17652776, at *4; *Owens*, 2020 WL 128517, at *1.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show:

> a. the dates that Plaintiff accessed and/or registered on any Interface or Access Page, including Plaintiff's first name, last name, phone number, email address, and account number(s);
>
> b. the dates that Plaintiff allegedly accessed any Interface or Access Page, including Plaintiff's first name, last name, phone number, email address, and user account number(s);
>
> c. the dates that Plaintiff allegedly last logged on to any Interface or Access Page, including Plaintiff's first name, last name, phone number, email address, and user account number(s);
>
> d. all dates on which Plaintiff allegedly clicked on and actually viewed any version of Terms and Conditions;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 20

e. all dates on which Plaintiff allegedly accessed any Interface or Access Screen that contained any version of Terms and Conditions;

f. all dates on which Plaintiff allegedly accessed any Interface or Access Screen that Referred to the Terms and Conditions; and

g. For each of the foregoing in this list, any proof or evidence You have that it was Plaintiff specifically who clicked or otherwise accessed as opposed to a different person; and

h. For each of the foregoing in this list, any proof or evidence You have that Plaintiff viewed the Access Screen and logged on rather than using the "remember me" checkbox to stay logged on or otherwise bypassed the Access Screen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as vague, ambiguous, and unintelligible, including as to the undefined term "bypassed." Defendants also object to Request No. 6 to the extent that it is cumulative and duplicative of other Requests, including (for example) Request Nos. 4, 5, 7, 8, 9, 12, 13, 14, 15, 23 and 27. Subject to and without waiving their objections, Defendants respond to Request No. 6, by subpart, as follows:

**Subpart (a).** Defendants agree to produce Plaintiff's sign-in and related account activity data since March 2022, as it is maintained in the ordinary course of Defendants' business. This data is concurrently produced herewith as LNTM00000350. Defendants incorporate by reference their concurrently served Responses and Objections to Plaintiff's First Sets of Interrogatories at Response to Interrogatory No. 2, which identifies and explains the relevant data categories and codes referenced in the data. Defendants also refer Plaintiff to their Motion, the Tobias Declaration, the Green Declaration, LNTM00000341, LNTM00000342, and LNTM00000344.

**Subpart (b).** Defendants object to Subpart (b) as cumulative and duplicative of Subpart (a). Defendants refer Plaintiff to the concurrently produced sign-in data (LNTM00000350). Defendants incorporate by reference their Response to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 21

Interrogatory No. 2.  Defendants also refer Plaintiff to their Motion, the Tobias Declaration, the Green Declaration, LNTM00000341, LNTM00000342, and LNTM00000344.

**Subpart (c).**  Defendants object to Subpart (c) as cumulative and duplicative of Subparts (a) and (b).  Defendants refer Plaintiff to the concurrently produced sign-in data (LNTM00000350).  Defendants also incorporate by reference their Response to Interrogatory No. 2, and refer Plaintiff to their Motion, the Tobias Declaration, the Green Declaration, LNTM00000341, LNTM00000342, and LNTM00000344.

**Subpart (d).**  Defendants object to Subpart (d) as seeking irrelevant and immaterial click data.  As this Court recently held, "[t]he Ninth Circuit [in *Dohrmann v. Intuit, Inc*., 823 F. App'x 482, 483 (9th Cir. 2020)] clearly found the click data [] was not material evidence in its analysis of whether the website provided sufficient notice."  Order at 3-4, *Oberstein v. Live Nation Entertainment, Inc.*, No. 20-cv-3888 (C.D. Cal. Sept. 17, 2020) (Wu, J.), ECF No. 46 (finding *Dohrmann* dispositive and rejecting plaintiffs discovery request for click data).  Based on these objections, Defendants do not intend to produce documents in response to this Request.

**Subpart (e).**  Defendants object to Subpart (e) as seeking irrelevant and immaterial click data.  As this Court recently held, "[t]he Ninth Circuit [in *Dohrmann v. Intuit, Inc*., 823 F. App'x 482, 483 (9th Cir. 2020)] clearly found the click data [] was not material evidence in its analysis of whether the website provided sufficient notice."  *Id*.  Based on these objections, Defendants do not intend to produce documents in response to this Request.

**Subpart (f).**  Defendants refer Plaintiff to the Green Declaration, which identifies the dates on which Plaintiff created her account, registered for Defendants' "Verified Fan" program for the TaylorSwiftTix presale, accepted ticket transfers via Defendants' platforms, and purchased tickets from Defendants' platforms.  Green Decl.  ¶¶ 5-9; *see also*  LNTM00000341;  LNTM00000342;  LNTM00000344.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 22

1    Defendants also refer Plaintiff to the concurrently produced sign-in data
2    (LNTM00000350), which identifies the dates on which Plaintiff signed in to her
3    account and performed various other actions.   Defendants also incorporate by
4    reference their Response to Interrogatory No. 2, and refer Plaintiff to their Motion
5    and the Tobias Declaration.

6         **Subpart (g).**   Defendants object to Subpart (g) as vague and ambiguous,
7    including where it calls for information that "it was Plaintiff specifically who clicked
8    or otherwise accessed as opposed to a different person."   The foregoing phrase fails
9    to identify the requested subject of Plaintiff's "click[s]" or "access."   To the extent
10   that Plaintiff seeks information regarding Plaintiff's click of the Terms hyperlink,
11   such information is irrelevant and immaterial.   *See* Order at 3-4, *Oberstein*, No. 20-
12   cv-3888, ECF No. 46 (citing *Dohrmann*, 823 F. App'x at 483).   Based on these
13   objections, Defendants do not intend to produce documents in response to this
14   Request.

15        **Subpart (h).**   Defendants refer Plaintiff to the concurrently produced sign-in
16   data (LNTM00000350).   Defendants also incorporate by reference their Response to
17   Interrogatory No. 2, and refer Plaintiff to their Motion, the Tobias Declaration, the
18   Green Declaration, LNTM00000341, LNTM00000342, and LNTM00000344.
19   Finally, Defendants incorporate by reference their Response to Interrogatory No. 4,
20   which explains that: (a) the "Remember Me" feature only saves a user's email
21   address at the point of sign-in, and does not otherwise allow a user to "bypass,"
22   circumvent, or avoid the "Sign In" page; and (b) the sign-in data (LNTM00000350)
23   depicts each separate and distinct instance, since March 2022, in which Plaintiff
24   affirmatively clicked the "Sign In" button to sign in to her account.

25   **REQUEST FOR PRODUCTION NO. 7:**

26        Each Communication from You to Plaintiff concerning the Terms and
27   Conditions, and any updates or revisions thereto, including proof that such
28   communication was actually delivered to and received by Plaintiff.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 23

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate by reference each of their General Objections. Defendants also object to Request No. 7 to the extent that it is cumulative and duplicative of other Requests, including (for example) Request Nos. 4, 5, 6, 8, 9, 12, 13, 14, 15, 23 and 27. Defendants further object to this Request as vague and ambiguous, including as to the meaning of the phrase "proof that such communication was actually delivered to and received by Plaintiff." Defendants also object to this Request as irrelevant to the resolution of Defendants' Motion. Further, Defendants have already identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information. *See* Mot. at 4-10; *see also* Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344. As explained in the Motion, any one of these points of assent is dispositive. Defendants further refer Plaintiff to their Response to Request No. 2 (above). Requiring Defendants to additionally identify each and every other communication with Plaintiff "concerning the Terms and Conditions, and any updates or revisions thereto" is plainly overly broad and unduly burdensome and unnecessary for the resolution of Defendants' motion. *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1. Furthermore, identifying and collecting information responsive to this Request would be incredibly time consuming and burdensome and would outweigh any marginal relevance that this information has (which is none). Defendants further object to Request No. 7 as unduly burdensome because this information is equally available to Plaintiff and is already in Plaintiff's possession, custody, or control. Based on these objections, Defendants do not intend to produce documents in response to this Request.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
San Francisco

21

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 24

**REQUEST FOR PRODUCTION NO. 8:**

Each Communication from You to Plaintiff concerning any Arbitration Agreement, including proof that such communication was actually delivered to and received by Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate by reference each of their General Objections. Defendants further object to Request No. 8 to the extent that it is cumulative and duplicative of other Requests, including (for example) Request Nos. 4, 5, 6, 7, 9, 12, 13, 14, 15, 23 and 27.   Defendants also object to this Request as vague and ambiguous, including as to the meaning of the phrase "proof that such communication was actually delivered to and received by Plaintiff."   Further, Defendants have already identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10; *see also* Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344; LNTM00000350.  As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.  Requiring Defendants to additionally identify each and every other communication with Plaintiff "concerning any Arbitration Agreement" is plainly overly broad, unduly burdensome, and irrelevant for the resolution of Defendant's Motion.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at \*2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at \*1.  Defendants also object to Request No. 8 as unduly burdensome because this information is equally available to Plaintiff and is already in Plaintiff's possession, custody, or control.  Based on these objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents regarding any Interface or Access Screen that required Plaintiff to actually access or view the Terms and Conditions.

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
San Francisco

22

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 25

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate by reference each of their General Objections. Defendants also object to Request No. 9 to the extent that it is cumulative and duplicative of other Requests, including (for example) Request Nos. 4, 5, 6, 7, 8, 12, 13, 14, 15, 23 and 27. Defendants also object to this Request as vague and ambiguous, including as to the meaning of the phrase "required Plaintiff to actually access or view the Terms and Conditions." Defendants further object to this Request as irrelevant to the resolution of Defendants' Motion. The relevant question here is whether Plaintiff manifested her assent to the Terms. *See, e.g.*, *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 516-17 (9th Cir. 2023) (discussing exact sign-in notices at issue here, and explaining that the notice "provide[s] reasonably conspicuous notice of the Terms"; as a result, users who sign in to their Ticketmaster accounts "unambiguously manifest[] assent" to the current Terms, including the arbitration agreement). To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information. *See* Mot. at 4-10; *see also* Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344. As explained in the Motion, any one of these points of assent is dispositive. *See also supra* Response to Request No. 2. Further, whether Plaintiff actually clicked to view the Terms is immaterial. *See* Order at 3-4, *Oberstein*, No. 20-cv-3888, ECF No. 46 (citing *Dohrmann*, 823 F. App'x at 483). Based on these objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents regarding steps You took or considered taking to design or modify any Interface or Access Screen to draw Users' attention to the Terms of Service or to encourage Users to actually access and view the Terms and Conditions.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 26

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as irrelevant to the resolution of Defendants' Motion.  The relevant question here is whether Plaintiff assented to the Terms.  *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.  Defendants have already identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10; *see also* Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.  Further, the rationale behind the design of Defendants' platforms is immaterial.  *Oberstein*, 60 F.4th at 518 ("When uncontested features of a webpage meet the baseline requirements for constructive notice, additional evidence of subjective intent is not required for a court to determine that constructive notice exists.").  Based on these objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents regarding actual or proposed modifications of any Interface or Access Screen to require any User to actually access or view the Terms and Conditions and the manner, mode and date of assent, including, but not limited to, all documents regarding a record of Plaintiff's alleged acceptance of Terms and Conditions and any Arbitration Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate by reference each of their General Objections. Defendants also object to this Request as vague and ambiguous, including as to the undefined phrases "require any User to actually access or view the Terms and Conditions" and "manner [and] mode . . . of assent."  Defendants further object to this Request as irrelevant to the resolution of Defendants' Motion.  The relevant

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 27

question here is whether Plaintiff assented to the Terms.  *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.  Defendants have already identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10; *see also* Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.  Further, the rationale behind the design of Defendants' platforms is immaterial.  *Oberstein*, 60 F.4th at 518.  Based on these objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents regarding whether Plaintiff manifested assent or agreement to the Terms and Conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate by reference each of their General Objections. Defendants also object to Request No. 12 to the extent that it is cumulative and duplicative of other Requests, including (for example) Request Nos. 4, 5, 6, 7, 8, 9, 13, 14, 15, 23 and 27.  Subject to and without waiving their objections, Defendants respond to Request No. 12 as follows:

Defendants refer Plaintiff to their Motion, the Tobias Declaration and Exhibits, the Green Declaration, LNTM00000341, LNTM00000342, LNTM00000344, and LNTM00000350—which identify Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 28

1   **REQUEST FOR PRODUCTION NO. 13:**

2       All Documents regarding the manner in which Plaintiff allegedly manifested

3   assent or agreement to the Terms and Conditions or any changes or modifications

4   thereto.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

6       Defendants incorporate by reference each of their General Objections.

7   Defendants also object to Request No. 13 to the extent that it is cumulative and

8   duplicative of other Requests, including (for example) Request Nos. 4, 5, 6, 7, 8, 9,

9   12, 14, 15, 23 and 27.  Subject to and without waiving their objections, Defendants

10  respond to Request No. 13 as follows:

11      Defendants refer Plaintiff to their Motion, the Tobias Declaration and

12  Exhibits, the Green Declaration, LNTM00000341, LNTM00000342,

13  LNTM00000344, and LNTM00000350—which identify Plaintiff's numerous points

14  of assent, the exact notice of the Terms she would have seen at each point, and the

15  actions that she took at each point.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green

16  Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained

17  in the Motion, any one of these points of assent is dispositive.  *See also supra*

18  Response to Request No. 2.

19  **REQUEST FOR PRODUCTION NO. 14:**

20      All Documents regarding the manner in which Plaintiff allegedly manifested

21  assent or agreement to any Arbitration Agreement or any changes or modifications

22  thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

24      Defendants incorporate by reference each of their General Objections.

25  Defendants also object to Request No. 14 to the extent that it is cumulative and

26  duplicative of other Requests, including (for example) Request Nos. 4, 5, 6, 7, 8, 9,

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 29

12, 13, 15, 23 and 27.  Subject to and without waiving their objections, Defendants respond to Request No. 14 as follows:

Defendants refer Plaintiff to their Motion, the Tobias Declaration and Exhibits, the Green Declaration, LNTM00000341, LNTM00000342, LNTM00000344, and LNTM00000350—which identify Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents regarding whether Plaintiff actually accessed or viewed the Terms and Conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate by reference each of their General Objections. Defendants also object to Request No. 15 to the extent that it is cumulative and duplicative of other Requests, including (for example) Request Nos. 4, 5, 6, 7, 8, 9, 12, 13, 14, 23 and 27.  Defendants further object to this Request as irrelevant to the resolution of Defendants' Motion.  The relevant question here is whether Plaintiff assented to the Terms.  *See, e.g., Oberstein*, 60 F.4th at 516-17.  To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344. As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.  Further, whether Plaintiff actually clicked to view the Terms is immaterial.  *See* Order at 3-4, *Oberstein*, No. 20-cv-3888, ECF No. 46

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 30

1   (citing *Dohrmann*, 823 F. App'x at 483).  Based on these objections, Defendants do

2   not intend to produce documents in response to this Request.

3   **REQUEST FOR PRODUCTION NO. 16:**

4       All Documents regarding how long Plaintiff actually accessed or viewed any

5   Terms and Conditions.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

7       Defendants incorporate by reference each of their General Objections.

8   Defendants also object to this Request as vague and ambiguous, including as to the

9   undefined phrase "how long Plaintiff actually accessed."  Defendants further object

10  to this Request as irrelevant to the resolution of Defendants' Motion.  The relevant

11  question here is whether Plaintiff assented to the Terms.  *See, e.g.*, *Oberstein*, 60

12  F.4th at 516-17.  To that end, Defendants have identified Plaintiff's numerous points

13  of assent, the exact notice of the Terms she would have seen at each point, and the

14  actions that she took at each point—and they refer Plaintiff to that information.  *See*

15  Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341;

16  LNTM00000342; LNTM00000344.  As explained in the Motion, any one of these

17  points of assent is dispositive.  *See also supra* Response to Request No. 2.  Further,

18  whether Plaintiff actually clicked to view the Terms is immaterial.  *See* Order at 3-

19  4, *Oberstein*, No. 20-cv-3888, ECF No. 46 (citing *Dohrmann*, 823 F. App'x at 483).

20  Based on these objections, Defendants do not intend to produce documents in

21  response to this Request.

22  **REQUEST FOR PRODUCTION NO. 17:**

23      All Documents that relate to or refer to the average amount of time Users

24  actually access or view any Terms and Conditions.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

26      Defendants incorporate by reference each of their General Objections.

27  Defendants also object to this Request as vague and ambiguous, including as to the

28  meaning of the phrase "the average amount of time Users actually access."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 31

Defendants further object to Request No. 17 as overly broad, unduly burdensome, and irrelevant to the resolution of Defendants' Motion, because it seeks information far beyond that which is specific to Plaintiff.  Information regarding other users is unnecessary for the resolution of Defendants' Motion and an improper target of pre-arbitration discovery.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2 (finding that "[d]iscovery that does not relate to the validity of the plaintiff's own arbitration agreement is irrelevant," and denying plaintiff's discovery requests as improper "because they pertain to agreements, disputes, arbitrations and lawsuits relating to [Defendant's] customers other than Plaintiff"); *Meyer*, 836 F. Supp. 2d at 1007 (rejecting Plaintiff's discovery requests as "overly broad or irrelevant to the disposition of the pending Motion" in part because "[m]ost of Plaintiff's discovery requests do not relate to the validity of *Plaintiff's* arbitration agreement with T–Mobile . . . [and] instead concern all agreements, disputes, arbitrations and lawsuits relating to T–Mobile customers in California *other than Plaintiff*") (emphases in original).  The relevant question here is whether <u>Plaintiff</u> assented to the Terms.  *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.  To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.  Further, whether Plaintiff, or any other users, actually clicked to view the Terms is immaterial.  *See* Order at 3-4, *Oberstein*, No. 20-cv-3888, ECF No. 46 (citing *Dohrmann*, 823 F. App'x at 483).  Based on these objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents regarding which portions of the Terms and Conditions Plaintiff actually accessed and Plaintiff actually viewed.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 32

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as irrelevant to the resolution of Defendants' Motion. The relevant question here is whether Plaintiff assented to the Terms. *See, e.g.*, *Oberstein*, 60 F.4th at 516-17. To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information. *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344. As explained in the Motion, any one of these points of assent is dispositive. *See also supra* Response to Request No. 2. Further, whether Plaintiff actually clicked to view the Terms is immaterial. *See* Order at 3-4, *Oberstein*, No. 20-cv-3888, ECF No. 46 (citing *Dohrmann*, 823 F. App'x at 483). Based on these objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents regarding any arbitration proceeding You initiated against any User or that any User initiated against You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants incorporate by reference each of their General Objections. Defendants further object to Request No. 19 as overly broad, unduly burdensome, and irrelevant to the resolution of Defendants' Motion, because it seeks information far beyond that which is specific to Plaintiff. Information regarding other users is unnecessary for the resolution of Defendants' Motion and an improper target of pre-arbitration discovery. *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007. The relevant question here is whether <u>Plaintiff</u> assented to the Terms. *See, e.g.*, *Oberstein*, 60 F.4th at 516-17. To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 33

1  refer Plaintiff to that information.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green

2  Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained

3  in the Motion, any one of these points of assent is dispositive.  *See also supra*

4  Response to Request No. 2.  Based on these objections, Defendants do not intend to

5  produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 20:**

7      All Documents regarding any legal proceeding You initiated against any User

8  in a court of law.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

10     Defendants incorporate by reference each of their General Objections.

11  Defendants further object to Request No. 20 as overly broad, unduly burdensome,

12  and irrelevant to the resolution of Defendants' Motion, because it seeks information

13  far beyond that which is specific to Plaintiff.  Information regarding other users is

14  unnecessary for the resolution of Defendants' Motion and an improper target of pre-

15  arbitration discovery.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F.

16  Supp. 2d at 1007.  The relevant question here is whether <u>Plaintiff</u> assented to the

17  Terms.  *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.  To that end, Defendants have

18  identified Plaintiff's numerous points of assent, the exact notice of the Terms she

19  would have seen at each point, and the actions that she took at each point—and they

20  refer Plaintiff to that information.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green

21  Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained

22  in the Motion, any one of these points of assent is dispositive.  *See also supra*

23  Response to Request No. 2.  Based on these objections, Defendants do not intend to

24  produce documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 21:**

26     Documents sufficient to show the manner in which You sent any "Welcome

27  to Ticketmaster" or other initial communication to any Plaintiff following the

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
San Francisco

31

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 34

1   creation of a customer account in the Ticketmaster database, and that any such

2   Confirmation of Service was delivered and received.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

4         Defendants incorporate by reference each of their General Objections.

5   Defendants also object to this Request as vague and ambiguous, including with

6   respect to the language "any Plaintiff," given that there is just one Plaintiff in this

7   action.   In any event, information regarding other users is unnecessary for the

8   resolution of Defendants' Motion and an improper target of pre-arbitration

9   discovery.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at

10   1007.  Defendants further object to this Request as irrelevant to the resolution of

11   Defendants' Motion.  The relevant question here is whether <u>Plaintiff</u> assented to the

12   Terms.  *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.  To that end, Defendants have

13   identified Plaintiff's numerous points of assent, the exact notice of the Terms she

14   would have seen at each point, and the actions that she took at each point—and they

15   refer Plaintiff to that information.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green

16   Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained

17   in the Motion, any one of these points of assent is dispositive.  *See also supra*

18   Response to Request No. 2.  Based on these objections, Defendants do not intend to

19   produce documents in response to this Request.

20   **REQUEST FOR PRODUCTION NO. 22:**

21         All Documents that were reviewed and/or relied upon in the drafting of the

22   Green Declaration (ECF No. 28) and/or Tobias Declaration (ECF No. 27).

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

24         Defendants incorporate by reference each of their General Objections.

25   Defendants further object to this Request to the extent that it calls for materials

26   protected by the attorney-client privilege, the attorney work product doctrine, the

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 35

1  common interest doctrine, or any other privilege.  Subject to and without waiving

2  their objections, Defendants respond to Request No. 22 as follows:

3      Defendants refer Plaintiff to the Exhibits attached to the Tobias Declaration

4  and the additional documents and data that Defendants relied upon for their Motion

5  (LNTM00000341-349), which Defendants produced to Plaintiff on March 10, 2023

6  in accordance with paragraph (b) of the Order Regarding Joint Stipulation Setting

7  Briefing Schedule ("Order Regarding Joint Stipulation"), ECF No. 25.

8  **REQUEST FOR PRODUCTION NO. 23:**

9      Documents sufficient to identify the means by which, and the dates on which,

10  Plaintiff allegedly assented to Terms and Conditions and Arbitration Agreements

11  attached to and/or referenced in the Tobias Declaration.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

13      Defendants incorporate by reference each of their General Objections.

14  Defendants also object to Request No. 23 to the extent that it is cumulative and

15  duplicative of other Requests, including (for example) Request Nos. 4, 5, 6, 7, 8, 9,

16  12, 13, 14, 15, and 27.  Subject to and without waiving their objections, Defendants

17  respond to Request No. 23 as follows:

18      Defendants refer Plaintiff to their Motion, the Tobias Declaration and

19  Exhibits, the Green Declaration, LNTM00000341, and LNTM00000342,

20  LNTM00000344—which identify Plaintiff's numerous points of assent, the exact

21  notice of the Terms she would have seen at each point, and the actions that she took

22  at each point.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9;

23  LNTM00000341; LNTM00000342; LNTM00000344.  As explained in the Motion,

24  any one of these points of assent is dispositive. *See also supra* Response to Request

25  No. 2.

26  **REQUEST FOR PRODUCTION NO. 24:**

27      Documents sufficient to identify the meaning of the terms, codes,

28  abbreviations and/or acronyms used in the exhibits to the Tobias Declaration.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 36

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as vague and ambiguous, including as to the meaning of "terms, codes, abbreviations, and/or acronyms." Defendants object to this Request as overly broad and unduly burdensome to the extent that it purports to encompass each and every "term," "code," "abbreviation," and "acronym" used across ninety-five pages of Exhibits. Subject to and without waiving their objections, Defendants are willing to meet and confer to discuss a reasonable narrowing proposal for this Request. Defendants propose that Plaintiff begin by providing Defendants with a list of the specific "terms, codes, abbreviations, and/or acronyms" in which she is interested, and identify in which Exhibit(s) they appear.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify the meaning of the terms, codes, abbreviations and/or acronyms used in TM00000001- TM00000024; TM00000061; TM00000139- TM00000141; and TM00000207- TM00000208.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this request as vague and ambiguous, including as to the meaning of "terms, codes, abbreviations, and/or acronyms." Defendants also object to this Request as overly broad and unduly burdensome to the extent it that purports to encompass the each and every "term," "code," "abbreviation," and "acronym" used across the thirty pages of cited documents. Moreover, Defendants object to Request No. 25 as irrelevant and immaterial because the cited documents concern the design of Defendants' platforms and the design of the notice of the Terms. *Oberstein*, 60 F.4th at 518. Based on these objections, Defendants do not intend to produce documents in response to this Request.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
San Francisco

34

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 37

1    **REQUEST FOR PRODUCTION NO. 26:**

2        Documents sufficient to identify who or what created or generated each screen

3    shot in the exhibits to the Tobias Declaration and date each were created.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

5        Defendants incorporate by reference each of their General Objections.

6    Subject to and without waiving their objections, Defendants respond to Request No.

7    26 as follows:

8        The screenshots in Exhibits 1-2, 5-8, 12-14 were taken by counsel's paralegal

9    team and technology department, at the direction of counsel.  Exhibits 1, 4, 6, and

10   12 were captured at the date and time listed at the bottom of each screenshot,

11   respectively.  Exhibits 2 and 5 were captured on February 2, 2023.  Exhibits 7 and 8

12   were captured on February 21, 2023.  Exhibit 13 was captured on February 23, 2023.

13   Exhibit 11 is a PDF version of the exact email Sterioff received on December 9,

14   2022, provided by Defendants' Consumer Support team.  Exhibits 3, 9-10, and 15-

15   18 were pulled from Defendants' previous motions to compel arbitration filings in

16   *Oberstein*, No. 20-cv-03888 (C.D. Cal) (Exs. 9-10, 15-17) and *Lee v. Ticketmaster,*

17   *L.L.C.*, No. 18-cv-05987 (N.D. Cal.) (Exs. 3, 18).  Defendants further refer Plaintiff

18   to their Motion and the Tobias Declaration for additional information applicable to

19   each screenshot.

20   **REQUEST FOR PRODUCTION NO. 27:**

21       Documents sufficient to identify any Arbitration Agreements and Terms and

22   Conditions that appeared on Ticketmaster's website during the Relevant Time

23   Period.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

25       Defendants incorporate by reference each of their General Objections.

26   Defendants also object to Request No. 27 to the extent that it is cumulative and

27   duplicative of other Requests, including (for example) Request Nos. 4, 5, 6, 7, 8, 9,

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
San Francisco

35

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 38

12, 13, 14, 15, and 23.  Subject to and without waiving their objections, Defendants respond to Request No. 27 as follows:

Defendants refer Plaintiff to Exhibits 14-18 of the Tobias Declaration. Defendants further refer Plaintiff to the Tobias Declaration ¶¶ 20-22, Defendants' Motion at 3-4, and Defendants' Response to Request No. 1 (above).

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to identify: (1) the name of the customer records database referenced in the Green Declaration (ECF No. 28); (2) whether such database was created using internal or external software; (3) who or what created the database; and (4) the date it was created.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants incorporate by reference each of their General Objections. Subject to and without waiving their objections, Defendants respond to Request No. 28 as follows:

The customer records database referenced in the Green Declaration includes MemberDB (account creation data), Teradata Data Warehouse (purchase and transfer records data), and MongoDB (Verified Fan registration data).  These databases are housed on commercially available database software and maintained in-house.  These databases were created in the normal course of Ticketmaster's business to support the operations and reporting needs of the company.  Many teams and individuals have contributed to the databases over the years.  Defendants have been using the account creation and purchase records databases for more than two decades and the Verified Fan registration database since 2017.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to identify who located and generated (through printing, PDF'ing, etc.) all documents attached to the Tobias Declaration, and the date(s) upon which such documents were located and generated.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 39

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants incorporate by reference each of their General Objections. Defendants object to Request No. 29 as cumulative and duplicative of Request No. 26. Subject to and without waiving their objections, Defendants respond to Request No. 29 as follows:

Defendants refer Plaintiff to their Response to Request No. 26 (above).

**REQUEST FOR PRODUCTION NO. 30:**

All Documents regarding any problems, defects, shutdown and/or repairs of the database referenced in the Green Declaration (ECF No. 28).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as vague and ambiguous, including as to the undefined terms "problems, defects, shutdown and/or repairs." Defendants also object to this Request as irrelevant to the resolution of Defendants' Motion. The relevant question here is whether <u>Plaintiff</u> assented to the Terms. *See, e.g.*, *Oberstein*, 60 F.4th at 516-17. To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information. *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344. As explained in the Motion, any one of these points of assent is dispositive. *See also supra* Response to Request No. 2. Information regarding any "problems, defects, shutdown and/or repairs" of the customer records database is overly broad, unduly burdensome, and irrelevant to resolution of Defendants' Motion. *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1. In drafting the Motion and supporting papers and identifying these points of assent, Defendants relied upon the data that they have. Defendants produced this data to Plaintiff in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 40

1  accordance with the Order Regarding Joint Stipulation.  Based on these objections,

2  Defendants do not intend to produce documents in response to this Request.

3  **REQUEST FOR PRODUCTION NO. 31:**

4      The last two versions of Kimberly Tobias' business card.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

6      Defendants incorporate by reference each of their General Objections.  In the

7  Tobias Declaration, Ms. Tobias identifies the following:

> I have worked for Live Nation and Ticketmaster for the past seventeen years.  Since 2021, I have held the position of Senior Vice President of Litigation.  Previously (from 2014 to 2021), I held the position of Vice President, Legal Affairs.  My responsibilities in both positions have included, among other things, overseeing the Terms of Use (the "Terms") that apply to Ticketmaster and Live Nation's websites, and the notices of the Terms on Ticketmaster and Live Nation's websites.  I am familiar with and knowledgeable about those websites, the applicable Terms, and the various notices of the Terms.

13  Tobias Decl. ¶ 2.  The last two versions of Ms. Tobias's business card are cumulative

14  and duplicative of the above-referenced information, and otherwise irrelevant to the

15  resolution of Defendants' Motion.  Based on these objections, Defendants do not

16  intend to produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 32:**

18      The last two versions of Helene Green's business card.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

20      Defendants incorporate by reference each of their General Objections.  In the

21  Green Declaration, Ms. Green identifies the following:

> I have worked for Live Nation for the past fourteen years.  Since November 2021, I have held the position of Coordinator of Litigation and eDiscovery.  My responsibilities in this role include gathering customer data for legal purposes.  It is the regular practice of Ticketmaster and Live Nation to create and maintain records of customers' interactions with Live Nation and Ticketmaster's websites—including, for example, when customers create their accounts, make online purchases, register for presales, and accept transfers of tickets through Defendants' platforms.  In my role as Coordinator of Litigation and eDiscovery, I am familiar with those

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 41

records, have access to them, and rely on them to carry out my job responsibilities.

Green Decl. ¶ 2.  The last two versions of Ms. Green's business card are cumulative and duplicative of the above-referenced information, and otherwise irrelevant to the resolution of Defendants' Motion.  Based on these objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All documents evidencing operating agreements between Ticketmaster and any of its affiliated companies or subsidiaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as vague and ambiguous, including as to the undefined terms "operating agreements" and "affiliated companies."  Defendants also object to this Request as completely irrelevant to the resolution of Defendants' Motion.  Again, the relevant question here is whether Plaintiff assented to the Terms. *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.  To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.  Information regarding Ticketmaster's business contracts is irrelevant to the resolution of Defendants' Motion and premature at this stage in the proceedings.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007.  Based on these objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All signed contracts from the Named Plaintiff.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 42

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as irrelevant to the resolution of Defendants' Motion. Again, the relevant question here is whether Plaintiff assented to the Terms. *See, e.g.*, *Oberstein*, 60 F.4th at 516-17. To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information. *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344; *supra* Response to Request No. 2. Information regarding other contracts that may exist by and between Defendants and Plaintiff is irrelevant to the resolution of Defendants' Motion. Further, Defendants object to Request No. 34 because this information is equally available to Plaintiff and is already in Plaintiff's possession, custody, or control. Based on these objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All warranties, oral or written, made by You with respect to the Tickets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as overly broad, unduly burdensome, and completely irrelevant to the resolution of Defendants' Motion—including because it calls for information totally unrelated to Plaintiff and her agreement to the Terms, and improperly attempts to seek merits discovery at this pre-arbitration stage of the case. *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007. Again, the relevant question here is whether Plaintiff assented to the Terms. *See, e.g.*, *Oberstein*, 60 F.4th at 516-17. To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 43

1   Plaintiff to that information.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl.

2   ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344.  As explained in the

3   Motion, any one of these points of assent is dispositive.  *See also supra* Response to

4   Request No. 2.  Information regarding ticket "warranties" has nothing to do with the

5   resolution of Defendants' Motion, and is premature at this stage in the proceedings.

6   *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007.  Based

7   on these objections, Defendants do not intend to produce documents in response to

8   this Request.

9   **REQUEST FOR PRODUCTION NO. 36:**

10      All Documents relating to the Named Plaintiff, or the Tickets she purchased

11   from a third party and then retrieved from You.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

13      Defendants incorporate by reference each of their General Objections.

14   Defendants further object to this Request as overly broad, unduly burdensome,

15   cumulative and duplicative of Plaintiff's other discovery requests, and otherwise

16   irrelevant to the resolution of Defendants' Motion.  Again, the relevant question here

17   is whether Plaintiff assented to the Terms.  *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.

18   To that end, Defendants have identified Plaintiff's numerous points of assent, the

19   exact notice of the Terms she would have seen at each point, and the actions that she

20   took at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10;

21   Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342;

22   LNTM00000344.  As explained in the Motion, any one of these points of assent is

23   dispositive.  *See also supra* Response to Request No. 2.  Broad discovery into "all"

24   documents "relating to the Named Plaintiff" improperly attempts to seek merits

25   discovery at this pre-arbitration stage of the case; it is plainly overbroad, unduly

26   burdensome, irrelevant to the resolution of Defendants' Motion, and premature at

27   this stage in the proceedings.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*,

28   836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1.  Based on these

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 44

objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents relating to the resale of tickets through Your platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as overly broad, unduly burdensome, and completely irrelevant to the resolution of Defendants' Motion—including because it calls for information totally unrelated to Plaintiff and her agreement to the Terms, and improperly attempts to seek merits discovery at this pre-arbitration stage of the case. *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1.  The relevant question here is whether Plaintiff assented to the Terms.  *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.  To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344. As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.  Broad discovery into "all" documents "relating to the resale of tickets" through Defendants platforms is egregiously overbroad, unduly burdensome, irrelevant to the resolution of Defendants' Motion, and plainly premature at this stage in the proceedings.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1.  Based on these objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

With respect to tickets that are sold on a third-party platform (i.e., StubHub) but can only be accepted through a Ticketmaster account, all Documents relating to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

42

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 45

1   or showing how You provide consumers with notice of Your Terms and Conditions

2   prior to their purchase of the ticket.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

4       Defendants incorporate by reference each of their General Objections.

5   Defendants further object to this Request as overly broad, unduly burdensome, and

6   irrelevant to the resolution of Defendants' Motion, including where it calls for

7   information beyond that which is specific to Plaintiff. *See, e.g.*, *McArdle*, 2013 WL

8   1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1.

9   Subject to and without waiving their objections, Defendants respond to Request No.

10  38 as follows:

11      Defendants refer Plaintiff to their Motion at 7-8 and the Tobias Decl. ¶¶ 15-

12  17 and Exhibit 11.

13  **REQUEST FOR PRODUCTION NO. 39:**

14      Produce any and all oral or written statements previously made, given or

15  otherwise adopted or approved by the Named Plaintiff, members of the class or

16  subclasses (defined in the current live pleading filed by Plaintiff), or persons whom

17  You contend were agents, servants, or employees of the Named Plaintiff or members

18  of the class or subclasses (defined in the current live pleading filed by Plaintiff),

19  obtained through any authorization signed by Plaintiff or members of the class or

20  subclasses (defined in the current live pleading filed by Plaintiff), to any person or

21  party relating to the subject matter of this lawsuit, including any stenographic,

22  mechanical, electrical or other type of recording or any transcription thereof made

23  by Plaintiff or members of the class or subclasses (defined in the current live

24  pleading filed by Plaintiff) and contemporaneously recorded.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

26      Defendants incorporate by reference each of their General Objections.

27  Defendants further object to this Request as overly broad, unduly burdensome, and

28  irrelevant to the resolution of Defendants' Motion—including because it calls for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

43

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 46

information totally unrelated to Plaintiff and her agreement to the Terms, and improperly attempts to seek merits discovery at this pre-arbitration stage of the case. *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1.   Again, the relevant question here is whether Plaintiff assented to the Terms.  *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.  To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10; Tobias Decl.   ¶¶   5-17;   Green   Decl.   ¶¶   5-9;   LNTM00000341;   LNTM00000342; LNTM00000344.  As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.  Broad discovery into "**any and all** oral or written **statements**" "made, given or otherwise adopted or approved" by "the Named Plaintiff, **members of the class** or . . . agents, servants, or employees of the Named Plaintiff or members of the class or subclasses" to "**any person** or party" "relating to the subject matter of this lawsuit" is egregiously overbroad, unduly burdensome, plainly irrelevant to the resolution of Defendants' Motion, and plainly premature at this stage in the proceedings.  *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1. Defendants further object to Request No. 39 because much of this information is equally available (or only available) to Plaintiff, and is already in Plaintiff's possession, custody, or control.  Defendants also object to this Request to the extent that is seeks statements made by Plaintiff and members of the putative class to persons other than Defendants; such statements are not in Defendants' possession, custody, or control.  Based on these objections, Defendants do not intend to produce documents in response to this Request.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

44

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 47

**REQUEST FOR PRODUCTION NO. 40:**

If You contend that a consumer who checks the "Remember Me" box on the Sign-in cannot subsequently bypass the Sign-In Page, provide all documents supporting that contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as vague, ambiguous, and unintelligible, including as to the undefined phrase "bypass the Sign-In Page." Subject to and without waving their objections, Defendants respond to Request No. 40 as follows:

Defendants incorporate by reference their Response to Interrogatory No. 4, which explains that: (a) the "Remember Me" feature only saves a user's email address at the point of sign-in and does not otherwise allow a user to "bypass," circumvent, or avoid the "Sign In" page; and (b) the sign-in data (LNTM00000350) depicts each separate and distinct instance, since March 2022, in which Plaintiff affirmatively clicked the "Sign In" button to sign in to her account. Defendants also incorporate by reference their Response to Interrogatory No. 2, which identifies and explains the relevant data categories and codes referenced in the sign-in data (LNTM00000350). Further, Defendants refer Plaintiff to their Motion, the Tobias Declaration, the Green Declaration, LNTM00000341, LNTM00000342, and LNTM00000344.

**REQUEST FOR PRODUCTION NO. 41:**

If You contend that a consumer who purchased a ticket to Taylor Swift's "The Eras" Tour through StubHub could gain access to that ticket without clicking "ACCEPT TICKETS," provide all documents supporting that contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants incorporate by reference each of their General Objections. Defendants further object that this Request is vague and ambiguous, including as to which tickets it refers (and who serviced them), and as to the undefined phrase "gain

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

45

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 48

access." Defendants also object to this Request as overly broad, unduly burdensome, and irrelevant to the resolution of Defendants' Motion, including where it calls for information beyond that which is specific to Plaintiff and the tickets she purchased; what other users may or could have done with respect to other tickets that they purchased from StubHub is irrelevant to the resolution of Defendants' Motion. *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007; *Heredia*, 2020 WL 3108699, at *1.   Again, the relevant question here is whether <u>Plaintiff</u> assented to the Terms. *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.   To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information. *See* Mot. at 4-13; Tobias Decl. ¶¶ 5-17 & Ex. 11; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344; LNTM00000350; Response to Interrogatory No. 5.   Defendants also object to Request No. 41 to the extent that it calls for information outside of Defendants' possession, custody, or control.   Subject to and without waiving their objections, Defendants respond to Request No. 41 as follows:

Defendants do not contend "that a consumer who purchased a ticket to Taylor Swift's 'The Eras' Tour through Stubhub could," or could not, "gain access to that ticket without clicking "ACCEPT TICKETS."   This is not a contention that Defendants make either way.

**REQUEST FOR PRODUCTION NO. 42:**

If You contend that Plaintiff did not check "Remember Me" on the Sign-In Page prior to November 1, 2022, provide all documents supporting that contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as vague, ambiguous, and irrelevant to the resolution of Defendants' Motion. *See, e.g.*, *McArdle*, 2013 WL 1190277, at *2; *Meyer*, 836 F. Supp. 2d at 1007.   The relevant question here is whether Plaintiff

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
San Francisco

46

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 49

assented to the Terms.  *See, e.g.*, *Oberstein*, 60 F.4th at 516-17.  To that end, Defendants have identified Plaintiff's numerous points of assent, the exact notice of the Terms she would have seen at each point, and the actions that she took at each point—and they refer Plaintiff to that information.  *See* Mot. at 4-10; Tobias Decl. ¶¶ 5-17; Green Decl. ¶¶ 5-9; LNTM00000341; LNTM00000342; LNTM00000344. As explained in the Motion, any one of these points of assent is dispositive.  *See also supra* Response to Request No. 2.  Subject to and without waiving their objections, Defendants respond to Request No. 42 as follows:

Defendants incorporate by reference their Responses to Interrogatories Nos. 2, 4, and 6.  Defendants further refer Plaintiff to the concurrently produced sign-in data (LNTM00000350).

**REQUEST FOR PRODUCTION NO. 43:**

If You contend that Plaintiff could not have bypassed the Sign-In Page each time she signed in to her Ticketmaster account in connection with the TaylorSwiftTix and Capital One Cardholder presales, provide all documents supporting that contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as vague, ambiguous, and unintelligible— including as to the meaning of the undefined term "bypassed" and the internally contradictory phrase "bypassed the Sign-In Page each time she signed in to her Ticketmaster account."  Subject to and without waiving their objections, Defendants respond to Request No. 43 as follows:

Defendants incorporate by reference their Responses to Interrogatories Nos. 2, 4, and 7.  Defendants further refer Plaintiff to the concurrently produced sign-in data (LNTM00000350), their Motion, and the Tobias Declaration.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

47

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 50

**REQUEST FOR PRODUCTION NO. 44:**

All Documents relating to the transaction history of the tickets purchase [sic] by Plaintiff for Taylor Swift's "The Eras" Tour.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants incorporate by reference each of their General Objections. Defendants further object to this Request as vague and ambiguous, including as to the undefined term "transaction history." Subject to and without waiving their objections, Defendants respond to Request No. 44 as follows:

Defendants have already produced Plaintiff's transaction records, which include Plaintiff's acceptance of a transfer of tickets to the Eras Tour. Defendants refer Plaintiff to those records: LNTM00000342 and LN00000343.

Dated:  April 20, 2023                      Respectfully submitted,

                                            LATHAM & WATKINS LLP


                                            _/s/ Timothy L. O'Mara_

                                            Timothy L. O'Mara

                                            505 Montgomery Street, Suite 2000
                                            San Francisco, California 94111-6538
                                            Telephone:  +1.415.391.0600
                                            Facsimile:  +1.415.395.8095
                                            tim.o'mara@lw.com

                                            *Attorneys for Defendants Ticketmaster LLC and Live Nation Entertainment, Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

48

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 51

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2023, a true and correct copy of DEFENDANTS LIVE NATION ENTERTAINMENT, INC. AND TICKETMASTER LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SETS OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS was served by electronic mail on the following counsel of record:

>Lisa T. Omoto
>Faruqi & Faruqi, LLP
>1901 Avenue of the Stars, Suite 1060
>Los Angeles, CA 90067
>lomoto@faruqilaw.com
>
>Bonner Walsh
>Walsh PLLC
>1561 Long Haul Road
>Grangeville, ID 83530
>bonner@walshpllc.com

Dated:  April 20, 2023                    LATHAM & WATKINS LLP


                                          */s/ Robin L. Gushman*

                                          Robin L. Gushman

                                          *Attorneys for Defendants Ticketmaster LLC and Live Nation Entertainment, Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFS.' OBJECTIONS AND RESPONSES TO
PL.'S REQUESTS FOR PRODUCTION
CASE NO. 2:22-cv-09230-GW-GJS

Exhibit A
Page 52