UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-9230-GW-GJSx | Date | July 12, 2023 |
|---|---|---|---|
| Title | *Michelle Sterioff v. Live Nation Entertainment, Inc., et al.* | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING FOLLOWING THE JOINT SUBMISSION REGARDING ARBITRATION-RELATED DISCOVERY PURSUANT TO ECF NO. 47

Attached hereto is the Court's Tentative Ruling Following the Joint Submission Regarding Arbitration-Related Discovery, set for hearing on July 13, 2023 at 8:30 a.m.

:

Initials of Preparer    JG

<u>*Michelle Sterioff v. Live Nation Entertainment, Inc. et al*</u>; Case No. 2:22-cv-09230-GW-(GJSx)
Tentative Ruling Following the Joint Submission Regarding Arbitration-Related Discovery Pursuant to ECF No. 47

Plaintiff brings a putative class action against Live Nation and Ticketmaster arising out of Defendants' purported mishandling of ticket sales for Taylor Swift's "The Eras" Tour. Plaintiff alleges she attempted to obtain tickets through a Ticketmaster presale. Unable to do so, she secured tickets through a reseller, and then accepted transfer of the tickets to her Ticketmaster account.

On February 24, 2023, Defendants filed a motion to compel arbitration. ECF No. 26. In support of their motion, Defendants submitted declarations from Kimberly Tobias and Helene Green (in house counsel for Live Nation). On March 16, 2023, the parties filed a joint status report regarding arbitration-related discovery. ECF No. 36. Plaintiff then served 44 RFPs, 12 RFAs and 7 interrogatories on each of Ticketmaster and Live Nation, as well as deposition notices for Kimberly Tobias, Helene Green, and Ticketmaster and Live Nation Rule 30(b)(6) witnesses. Defendants responded to the written discovery requests on April 20, 2023, but objected to the deposition notices. Defendants provided Plaintiff with Ms. Tobias's deposition transcript from the related litigation in *Heckman, et al. v. Live Nation & Ticketmaster*, Case No. 2:22-cv-00047-GW-(GJSx) and *Oberstein v. Live Nation Entertainment, Inc*., No. CV 20-3888, 2021 WL 4772885 (C.D. Cal. Sept. 20, 2021), *aff'd*, 60 F.4th 505 (9th Cir. 2023). After reviewing those transcripts, Plaintiff offered to drop the deposition of Ms. Greene and eliminate six of the 19 topics for each 30(b)(6) deposition, but Defendants declined.

Presently in dispute are the depositions of Ms. Tobias and the two 30(b)(6) depositions of Ticketmaster and Live Nation.

Defendants argue that none of the depositions should go forward because they would be unduly burdensome and Plaintiff has not justified the need for them in light of the discovery Defendants have already produced. In particular, Defendants assert they have produced data showing Plaintiff logged into her Ticketmaster account on several occasions, including when she signed up for the Taylor Swift presale and later when she accepted transfer of the tickets.

Pursuant to the parties' stipulation, the only issues before the Court regarding the motion to compel arbitration are whether and when Plaintiff assented to Defendants' Terms of Use (assent), whether the Terms delegate questions of arbitrability to the arbitrator (delegation), and

1

whether the agreement encompasses this dispute (scope).  Defendants assert that delegation and scope are questions of law for the arbitrator and not proper subjects of discovery at this time.  As to assent, Defendants assert the produced data undisputedly shows that Plaintiff logged onto her Ticketmaster account on several occasions, thereby agreeing to the Terms of Use.

Plaintiff, by contrast, argues that the question of whether an agreement to arbitrate exists that encompasses this dispute is a question that concerns "the existence, not the scope, of an arbitration agreement."  *Johnson v. Walmart Inc.*, 57 F.4th 677, 681 (9th Cir. 2023).  Moreover, as to assent, Plaintiff claims there are outstanding factual questions regarding the accuracy of Defendants' data and whether Plaintiff was in fact was presented with and agreed to the Terms on particular occasions.

The Court would tentatively find that Plaintiff has not shown why the noticed Rule 30(b)(6) topics – which relate primarily to whether she could theoretically could have bypassed notice of the Terms through use of Ticketmaster's "Remember Me" feature – are relevant and proportional to her opposition to the motion to compel arbitration in light of what Defendants have already produced.  It appears beyond dispute that Plaintiff agreed to the Terms in connection with the transaction at issue in this case – *i.e.*, the attempted purchase and purchase of Taylor Swift tickets.  Plaintiff doesn't explain what else her reading of *Johnson* would require.

However, given the apparent disagreement as to some factual matters, allowing Plaintiff to depose Ms. Tobias (who submitted a declaration in support of Defendants' motion) does not seem overly burdensome.  Although Ms. Tobias has already been deposed twice in cases before this Court (which transcripts have been produced to Plaintiff), this case presents certain distinct issues.