1  LATHAM & WATKINS LLP
     Timothy L. O'Mara (Bar No. 212731)
2       tim.o'mara@lw.com
     Robin L. Gushman (Bar No. 305048)
3       robin.gushman@lw.com
   505 Montgomery Street, Suite 2000
4  San Francisco, California 94111-6538
   Telephone: +1.415.391.0600
5  Facsimile: +1.415.395.8095

6  *Attorneys for Defendants Ticketmaster L.L.C.
   and Live Nation Entertainment, Inc.*

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  MICHELLE STERIOFF, individually and on behalf of all others similarly situated, | Case No. 2:22-cv-09230-GW-GJS |
| 14                    Plaintiff, | **DECLARATION OF TIMOTHY L. O'MARA IN SUPPORT OF THE JOINT STIPULATION TO STAY CASE** |
| 15  v. | |
| 16  LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER LLC, | [Civil Local Rule 7-1] |
| | The Honorable George H. Wu |
| 18                    Defendants. | |

I, Timothy L. O'Mara, declare as follows:

1. I am a partner at the law firm of Latham & Watkins LLP, counsel for Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc. (together, "Defendants"). I am an attorney in good standing in the state of California, and I am admitted to practice before this Court. I make this Declaration in support of the parties' Joint Stipulation to Stay Case ("Joint Stipulation"), and have personal knowledge of the facts set forth below; if called upon to do so, I can and will competently testify to these facts.

2. Plaintiff filed the Complaint on December 20, 2022. ECF No. 1.

3. On January 3, 2023, pursuant to Local Rule 8-3, the parties jointly stipulated to extend Defendants' time to answer or otherwise respond to the Complaint from January 11, 2023 to February 10, 2023. ECF No. 19.

4. On January 30, 2023, pursuant to the parties' joint stipulation, the Court entered a briefing schedule for Defendants' motion to compel arbitration and any related discovery: Defendants would file their motion on or before February 24, 2023; Plaintiff would have until March 21, 2023 to serve any arbitration-related discovery; and the deadlines for Plaintiff's Opposition and Defendants' Reply would depend on the date of completion of any such discovery. ECF Nos. 24, 25.

5. On February 24, 2023, Defendants filed their motion to compel arbitration. ECF No. 26.

6. On March 16, 2023, Plaintiff filed the First Amended Class Action Complaint. ECF No. 37.

7. On May 15, 2023, pursuant to the parties' joint stipulation, the Court entered a briefing schedule for the parties' disputes regarding arbitration-related discovery. ECF Nos. 46, 47.

8. On June 29, 2023, the parties filed a Joint Submission Regarding Arbitration-Related Discovery. ECF No. 50. After a hearing on July 13, 2023, the

1. Court ordered that Plaintiff may conduct a deposition of Kimberly Tobias, not to exceed two hours; allowed Plaintiff to serve five interrogatories regarding Plaintiff's Rule 30(b)(6) topics; and set a status conference for August 10, 2023.  ECF No. 55.

9. On August 7, 2023, pursuant to the parties' joint stipulation, the Court continued the status conference to September 21, 2023 at 8:30 am and the deadline for a joint status report to September 18, 2023.  ECF Nos. 58, 60.

10. On August 11, 2023, Plaintiff served five interrogatories.

11. Defendants previously moved to compel arbitration in a case before this Court: *Heckman v. Live Nation Entertainment, Inc.*, No. 2:22-cv-00047-GW-GJS (C.D. Cal.) ("*Heckman*").  On August 10, 2023, this Court denied Defendants' motion to compel arbitration in *Heckman*.

12. Defendants intend to appeal the order denying their motion to compel arbitration in *Heckman* and also intend to seek a stay in *Barfuss v. Live Nation Entertainment, Inc.*, No. 2:23-cv-01114-GW-KK (C.D. Cal.) ("*Barfuss*").

13. The parties have conferred and agree that, given that the outcome of the *Heckman* appeal could directly and materially impact this case if ultimately affirmed, and to preserve public and private resources, a temporary stay of this case is the most efficient path forward.

14. Further, the parties have agreed to continue their ongoing settlement discussions through mediation, which will be completed by no later than January 31, 2024.

15. Accordingly, the parties respectfully request that the Court stay all proceedings and deadlines in this case.  This jointly requested stay includes any and all pending discovery deadlines (including but not limited to the deposition of Kimberly Tobias and the deadline for Defendants to object and/or respond to Plaintiff's Second Set of Interrogatories).

16. The parties agree that this stipulated stay shall be lifted if one or more of the following conditions are met:

    a. Either party provides notice to this Court that a mediation session has been completed and further settlement efforts will likely be futile;

    b. The Ninth Circuit issues a final mandate in the *Heckman* appeal;

    c. Any stay pending the *Heckman* appeal that is entered in *Barfuss* is lifted;

    d. *Barfuss* is remanded to state court and the state court denies any motion by any party or stipulation by the parties to stay the case; or

    e. Any action raising claims similar to those of Plaintiff is filed.

17. The Joint Stipulation is without prejudice to Defendants later moving for a stay in the event that (a) the Joint Stipulation is denied, or (b) the Joint Stipulation is granted, but the stay is lifted pursuant to Paragraph 16 above. For the avoidance of doubt, Defendants expressly reserve all rights to move for a stay of any and all proceedings and deadlines in this case pending the resolution of the *Heckman* appeal should the Joint Stipulation be denied, or if this stipulated stay is lifted, for any reason.

18. Within fourteen days after any of the conditions in Paragraph 16 are met, the parties shall submit a proposed scheduling order governing further proceedings in this action.

19. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into the Joint Stipulation.

20. The parties have previously stipulated to five extensions of time:

  a. On January 3, 2023, the parties stipulated pursuant to Local Rule 8-3 to extend Defendants' time to answer or otherwise respond to the Complaint.  ECF No. 19.

  b. On January 30, 2023, the parties stipulated pursuant to Local Rule 7-1 to a briefing schedule for Defendants' motion to compel arbitration.  ECF No. 24.

  c. On  March 2, 2023, the parties stipulated pursuant to Local Rule 7-1 that the March 27, 2023 hearing date should be vacated until any arbitration-related discovery is complete.  ECF No. 32.

  d. On May 12, 2023, the parties stipulated pursuant to Local Rule 7-1 to a briefing schedule for the parties' disputes regarding arbitration-related discovery.  ECF No. 46.

  e. On August 3, 2023, the parties stipulated pursuant to Local Rule 7-1 to continue the August 10, 2023 status conference and the August 8, 2023 joint status report deadline until after the deposition of Kimberly Tobias.  ECF No. 58.

21. The Joint Stipulation will have no other effect on the schedule.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2023.

                */s/ Timothy L. O'Mara*
                Timothy L. O'Mara